WM. C. MORGAN AND WM. M. STEARNS *v.* EZRA & JEROME BARKER AND O. LAWRENCE.

*Trespass.     Estoppel or Bar to a recovery, &c.*

The plaintiffs commenced their action of trespass against one H. and the defendants, for thirty-two pine trees and some other timber; in the county court the plaintiffs recovered against the defendants for other timber, and a verdict passed in favor of H., who cut the said pine trees and sold them to the defendants, the plaintiffs failing to make out title to the land on which they were cut; and this verdict as to H. was final, and the case as to him was carried to the Supreme Court, and there affirmed; the defendants reviewed, and, at the trial, gave notice of the final judgment in favor of H., as their defense so far as the cutting of the said pine trees are concerned; the plaintiffs failed to recover of the defendants, except for the said pine trees so cut by said H.; and the defendants claim that plaintiffs cannot recover of them, for the same trees—*Held*—that the judgment in favor of H. is a conclusive bar against a recovery by plaintiffs, and that it quieted the title to the trees in H., and that this bar must extend to all who stand in privity of estate with H.

It is not important or necessary, that the estoppel, or bar, should exist before the commencement of the action.

TRESPASS for thirty-two pine trees, and some other timber, taken from lot No. 4, in the 9th Range of lots in Victory. The declaration contained two counts. The plaintiffs claimed under one Samuel A. Chandler. The writ was originally against one Isaac R. Houston and the present defendants, and it appeared that said Houston cut the thirty-two pine trees and drew them to Moose River, and there sold them to the defendants who took them down the river. The jury returned a verdict in favor of the said Houston, the plaintiffs failing to show sufficient title in Chandler, under whom they claimed. The case was carried to the Supreme Court as to said Houston, and judgment there affirmed.

Morgan et al. *v.* Barker et al.

The facts, relating to the questions passed upon, sufficiently appear in the opinion of the court, by REDFIELD, Ch. J.

In the trial below the jury, under instruction of the court, returned a special verdict, in which they found defendants guilty, for timber taken from said lot No. 4, (it being the timber cut by said Houston,) and not guilty for timber taken from lot No. 9.

*Wm. Heywood, Jr.* and *H. A. Fletcher* for defendants.

The judgment in favor of Houston, is an estoppel in favor of these defendants. If this were not so, Houston would yet be liable for this very timber; he having sold it to these defendants as his own property, and in such case there is an implied warranty of title. 2 Kent's Com. 374. 1 Ld. RAYMOND 393. 1 Salk. 210. *Strong* v. *Barnes*, 11 Vt. 221.

The adjudication binds these plaintiffs for the reason that they were parties to it; and it is good in favor of these defendants, for they were privy by succession to the rights of Houston. 1 Greenleaf's Ev. 189, 522, 523 and 524. *Wright* v. *Hazen et al.*, 24 Vt. 143. *Aiken et al.* v. *Peck*, 22 Vt. 255. *Perkins* v. *Walker*, 19 Vt. 144. *Burton* v. *Wilkinson*, 18 Vt. 186. *Gray* v. *Pingrey*, 17 Vt. 419. *Green* v. *Clarke*, 13 Vt. 158. *Isaacs* v. *Clarke*, 12 Vt. 692. *Dorset* v. *Manchester*, 3 Vt. 370.

*Geo. C. Cahoon* for plaintiffs.

Claimed, that the previous judgments in the case from which the respective parties at different times took their review, after such reviews were taken, retained none of their pristine virtues of conclusiveness, but each became on such review vacated, and hence the trial *de novo*, to determine the right; each review being but another name for the right of each respective party to have a new trial. Each successive one abridging the right, till the chances for further litigation are exhausted. Which when done, the last trial becomes the finality of the matter, each party using rightfully each, every and all positions in prosecution or defense known in the wisdom of the law.

Had the former judgment been for the plaintiffs against Houston alone for the trees, then the other defendants might perhaps have pleaded the former recovery in bar to this; but no such fact exists on which to theorize; plaintiffs recovered of no one for

said trees, and no one has in any manner paid for the same to plaintiffs, who on the finding of the jury have been adjudged the legal owners, and the defendants the trespassers. The question as to the title in the premises, and of the timber when severed therefrom have already been before the court, and passed upon on a former bill of exceptions. *Goodwin* v. *Hathaway,* 1 Vt. 485. *Yale* v. *Seeley et al.,* 15 Vt. 221. *Lansing et al.* v. *Montgomery,* 2 Johns. 382. 1 Chit. Pl. 65 to 72. 6 Taunt. 47. Bul. N. Pri. 41. 12 Mad. 448. 1 Wilson 328. 2 Saund. Pl. & Ev. 392–3 and 863–4.

The opinion of the court was delivered by

REDFIELD, Ch. J. In this case the plaintiffs make title to the lands, in question, being lot No. 4, in Range 9, in Victory, under Samuel A. Chandler. The trespass complained of is cutting thirty-two pine trees, on said lot. These trees were cut by one Houston, who was a party to this suit, at the two first trials, in the county court, and by him sold to the other defendants, which is the mode, in which a cause of action is made out against them.

At the two former trials in the county court, the plaintiffs failed to show title to the lot, on which these trees were cut, in Chandler, and consequently, in themselves, and thus failed to recover, for the cutting of these trees, against any of the defendants. At the last trial they did recover, against the present defendants, for other timber, a verdict passing in favor of Houston, on the ground stated above. Houston became separated from the other defendants, his case; being a final verdict, was carried to the Supreme Court, and was there affirmed. The other defendants reviewed, and, at the trial, gave notice of the final judgment, in favor of Houston, as their defense, so far as the cutting of the thirty-two trees is concerned, they having purchased of Houston, and his title being quieted by the final judgment in his favor, as the defendants now claim. The plaintiffs having in the last trial, in the county court, failed to recover of these defendants, except for the same thirty-two trees, cut by Houston, they now claim that the plaintiff cannot recover of them, for the same trees.

And in this, it seems to us, the defendants are well founded, in law. This defense is not altogether of the nature of a strict estoppel. It is rather of the nature of a former recovery, for the same cause of action. For a failure to recover is as conclusive a

Morgan et al. *v.* Barker et al.

bar as a recovery and payment of the judgment, so far as the party to that judgment is concerned. As to him, the judgment is conclusive, it being shown on all the trials, that he cut the trees, and the plaintiffs failing to show title in themselves, the judgment conclusively establishes the right to hold the trees, against the plaintiffs. And this bar must extend to all who stand in privity of estate with Houston. And privies in estate include all who derive title under the party. This is familiar law, and the necessity of such a rule is forcibly illustrated, in the present case. For if the plaintiffs could here recover of these defendants, and they of Houston, of which there can be no doubt, the plaintiffs would effect circuitously, a reversal of the judgment against them, in Houston's favor. This would be at variance with the well settled principles, upon this subject. It was never regarded as of any importance, that the estoppel, or bar, should exist, before the commencement of the action, if properly pleaded, of which no question seems to be made, or probably could be here. The result is that the judgment must be reversed on this ground.

We have taken no pains to examine the other ground. The contract with Chandler, who owned the land, being in writing, it might probably be so far conveyed, by merely verbal contract, as to give the plaintiffs the rights conveyed, by Chandler. Whether the writing of Chandler was intended to convey any present interest is very questionable.

In terms Chandler agrees to sell, and the other party agrees to purchase, thus making it strictly executory. And as it looks to a future performance, and the continuing rights of the second party depend, upon continuing performance on their part, it would seem more consistent, with the usual construction of such contracts, to hold that either party might refuse to go forward with the contract and thus drive the other party, to his claim for damages, and that no title vested in the timber, until, or as fast as it was cut.

Judgment reversed, and case remanded.

NOTE.—The character and effect of the contract with Chandler and the precise title, or right, acquired by it, is undoubtedly altogether a question of law, in regard to which the jury have no discretion.