## DIVOLL *v.* ATWOOD.

In a writ of entry on a mortgage, the defendant may reduce the amount of the conditional judgment by a deduction of three times the unlawful interest reserved or taken.

His plea in such case may be with a general verification, with a view to an

Divoll *v.* Atwood.

issue as at common law; or with a special verification under the statute, in which case the oath of the defendant must be tendered.

A replication to such plea, setting out a suit upon the notes secured by the same mortgage, a plea of usury under the statute, a denial of the usury by the plaintiff, verified by his oath, and a judgment against the defendant upon the plea, is good as showing the matter to be *res judicata;* but without an allegation of such judgment, the plea is bad.

THIS is a writ of entry upon a mortgage to secure the payment of a promissory note of $200, made by the defendant, and payable to the plaintiff. The defendant comes in, and, after setting out the condition of the mortgage and describing the note, alleges that the judgment ought to be conditional as of mortgage, and not for the full amount of the note, because of an usurious agreement by which the plaintiff received ten dollars, over and above the lawful interèst, for the forbearing and giving day of payment of the money in question,—alleging that the plaintiff is in full life and of sound mind, and praying that a deduction of three times the unlawful interest be made from the sum lawfully due, in entering up the conditional judgment.

To this the plaintiff replies, that at the court of common pleas for the same county, at the April term, 1859, he impleaded the defendant upon the same note set forth in the defendant's plea, to which the defendant pleaded usury in taking said sum of ten dollars, over and above the lawful interest, for giving day of payment on said note, and offered to verify the truth of said plea by his oath; that at the May term, 1860, of the Supreme Judicial Court for the same county, to which court said action was by law transferred, the plaintiff filed his replication denying all usurious agreements, and the taking or securing by said note of any interest above the rate of six dollars for one year, and alleging that he appeared in court and made oath to such replication.

Whereupon, at the same term, the defendant filed a gen-

eral demurrer, with a conclusion that the plaintiff ought to have conditional judgment for only the amount lawfully due after deducting three times the unlawful interest.

*Hughes* and *Eastman*, for the plaintiff.

1. We submit that usury cannot be pleaded to a writ of entry under our present statute, which differs from the statute of 1791. By that statute, provision is made for a deduction for usury in case of a mortgage; by the Revised Statutes that provision is omitted. N. H. Laws (Ed. 1830) 134; Rev. Stat., ch. 190, sec. 3. The cases referred to by the defendant were all founded upon contracts made prior to the passage of the Revised Statutes.

2. Where a particular right is given by statute, and the mode of obtaining it is prescribed by the statute, that mode alone can be followed. And if it be held that under the Revised Statutes usury can be pleaded to a writ of entry, it must be done in the manner pointed out by the statute, —by tendering the oath of the party. Such would seem to be the opinion of *Parker*, C. J., in *Briggs* v. *Sholes*, 14 N. H. 265; and of *Fowler*, J., in *Simons* v. *Steele*, 36 N. H. 78. We submit that the *dicta* in the cases cited from 3 N. H., and which are doubtingly expressed in *Kimball* v. *Abbott*, 5 N. H. 394, are not good law; and that the plea is bad in not tendering the oath of the defendant.

3. Assuming the plea to be sufficient, the replication is a good answer. It shows that the question of usury upon the note secured by the mortgage has already been determined in an action upon the note between the same parties, and that the matter is *res judicata*.

*Sawyer & Stevens*, for the defendant.

In a writ of entry on a mortgage, the defendant has a right to the triple deduction allowed by the statute from the whole sum due, and the conditional judgment must be for the balance only. *Briggs* v. *Sholes*, 14 N. H. 262. This

deduction may be made where the usury was found by a verdict of the jury. *R. R.* v. *J. M.*, 3 N. H. 144; *Gibson* v. *Stearns*, 3 N. H. 185; *Kimball* v. *Abbott*, 5 N. H. 394. We admit that it is good law that where the defendant pleads usury under the statute, with a verification by his oath, neither party can, in a subsequent pleading, change the course of the trial by tendering an issue to the jury. *Tappan* v. *Sargent*, 13 N. H. 429. But there are different modes of ascertaining the usury; one by tendering the oath as pointed out by the statute, the other, by common law, by a plea in bar as to a certain sum. The defendant in this adopts the remedy given him by common law. *R. R.* v. *J. M.*, 3 N. H. 144; *Gibson* v. *Stearns*, 3 N. H. 185; *Kimball* v. *Abbott*, 5 N. H. 304. The defendant does not propose to change the form of the pleadings in this case; he elects to plead in the manner he has; the jury may or may not find usury.

BELLOWS, J. In the other suit between the same parties, upon the note secured by the mortgage, the judgment being against the plea, the defendant, under the general issue, offered to prove the same usury to establish the want of consideration to the extent of ten dollars; but the court decided that the question of usury must be regarded as *res judicata*, and that such defence was inadmissible. *Divoll* v. *Atwood*, 41 N. H. 443.

If properly pleaded or shown, this judgment, although rendered since the commencement of this suit, would, we think, on the principles established in that decision, be a conclusive answer to this plea. The matter of the plea is the same in both cases, and in both, probably, and certainly in the former, directly in issue and between the same parties. The case of *Betts* v. *Starr*, 5 Conn. 550, is directly in point, to the effect that a judgment in favor of the plaintiff, in a suit on the notes where the defence was usury, is conclusive in an action of ejectment upon the mortgage.

The same doctrine is held in *Bigelow* v. *Winsor*, 1 Gray 299, 303; *Burke* v. *Miller*, 4 Gray 114, 116; *Burnett v. Smith*, 4 Gray 50; *White* v. *Coatsworth*, 2 Seld. 137. Nor is it essential that the estoppel or bar should exist before the commencement of the suit. *Morgan* v. *Barker*, 26 Vt. 602.

In this case, however, the replication states the plea and the answer upon oath in the other suit, but it does not state any judgment, and the court cannot take notice of it judicially. The question of usury must, then, be regarded as still pending in the other suit, and that alone is no sufficient answer to the plea in this case; the replication must, therefore, be adjudged insufficient.

But it is said that the plea is bad in substance; and as the demurrer properly raises the question, it becomes necessary to examine the plea. The objections are, that usury cannot be pleaded in a suit on a mortgage, and that the plea does not tender the oath of the defendant. The first objection, we think, cannot be sustained. By the law of 1791 (Ed. 1829) 134, it is provided that the deduction shall be made, upon showing the usury, in case of a suit " on any bond, contract, mortgage, or any agreement given or made hereafter for the payment of any money, goods, or personal estate," &c. By the Revised Statutes (ch. 190, sec. 3) the terms are changed, and the provision is, "Where any person, for the recovery of any debt or damages, shall be sued upon any instrument hereafter made," &c.; but we think that this is a mere revision of the former law, and not designed to affect the rights of the defendants in suits upon mortgages, any more than upon bonds or other contracts; and we think that a suit "for the recovery of a debt or damages upon any instrument hereafter made," must be understood to include a suit upon a mortgage, as well as the note which is secured by it. There is nothing in the nature of the case that furnishes any substantial reason for such a distinction, and for more than fifty years no such distinction existed. *Gunnison* v. *Gregg*, 20 N. H.

100; *Briggs* v. *Sholes,* 14 N. H. 262; *Ladd* v. *Wiggin,* 85 N. H. 421.

As a plea under the statute, however, we think it is not sufficient. The law provides that if the debtor will come into court and "offer to make oath," &c., "a deduction shall be made, unless," &c. This he has not done, and therefore would not be entitled to the deduction, by the failure of the plaintiff to make oath. But it is said that the plea is sufficient to raise an issue to be tried by the jury; and the inquiry in the first place is, whether the party can be entitled to the deduction by any other mode of proof than the one specifically provided by the statute.

Where the statute penalty exceeds the amount lawfully due, it is held in this State that the usury may be pleaded in bar generally. *Gibson* v. *Stearns,* 3 N. H. 185; *R. R.* v. *J. M.,* 3 N. H. 143, 144. In this latter case it is said, by *Richardson,* C. J., that it has never been supposed that the power to make a deduction depended upon the mode of proof,—but that it has been repeatedly decided that where the usury is found by the jury, the deduction may be made. So in *Kimball* v. *Abbott,* 5 N. H. 394; and *Parker,* C. J., in *Tappan* v. *Prescott,* 9 N. H. 531–534, recognizes the doctrine of *Gibson* v. *Stearns.* So in *Gunnison* v. *Gregg,* 20 N. H. 100, it is held that a purchaser of an equity of redemption, in a suit on the mortgage, may plead usury in bar when the penalty exceeds the sum lawfully due. And the same authorities sustain the doctrine that where the penalty is less than the sum due, the proof of usury is not confined to the mode specially given. The ground upon which the plea in bar is sustained is, that the whole debt is forfeited; and, upon the facts being stated, and proof by the mode pointed out by the statute, or by demurrer, or verdict of the jury, the defence is maintained. So it is settled that an action for money had and received will lie to recover back illegal interest; *Willie* v. *Green,* 2 N. H. 333; *Cross* v. *Bell,* 34 N. H. 82; and yet, no provision for

such recovery is found in the statute. But the taking of such interest is made illegal, and this common law remedy is recognized; and if this be right, it must be regarded as quite decisive on the question before us.

We hold, then, that the usury may be pleaded as a defence, without pursuing the mode specially provided by the statute; and the only remaining question is, whether the plea is defective in substance,—for only such defects are drawn in question by the pleadings. 1 Ch. Pl. 668. No objection is taken to the substance of the plea, except what arises out of the want of conformity to the statute mode; and we think that in substance it conforms to the suggestions of the court in *Briggs* v. *Sholes*, 14 N. H. 262, though in point of form it may not in all respects. Unless, then, the plaintiff shall desire to amend, the defendant is entitled to

*Judgment on the demurrer.*