## HARVEY LADD vs. JOHN PUTNAM.

### Kennebec.    Opinion December 24, 1887.

*Mortgage, action on.   Evidence.   Practice.   R. S., c. 90, § § 8, 9.*

At the trial of an action upon a mortgage given to secure a portion of the pur-
chase money of a farm, before the presiding justice with right of exception,
the defendant offered to prove that the plaintiff in selling the farm mis-
represented the boundary lines, the size, and amount of annual products of
the farm, and claimed to have the damages, sustained by the false representa-
tions, allowed on the mortgage debt.   The evidence was excluded.   *Held,*
error.

The statute (R. S., c. 90, § § 8, 9,) contemplates that in proceedings upon a
writ of entry brought for the purpose of foreclosing a mortgage, there may
be two separate and distinct judgments ; the one based upon the title put in
issue by the pleadings ; the other as to the amount due.   The former may be
the result of a verdict ; the latter the work of the court.

In such action the same defences may be made, except the statute of limita-
tions, which might be made in an action upon the note, or other evidence of
debt, secured by the mortgage.   If the defence goes to the whole debt, it
may be tried upon the main issue.   If it is partial only, then it must
necessarily be heard by the court upon the motion for conditional judgment.

ON exceptions.

The opinion states the case and material facts.

*J. H. Potter*, for plaintiff.

The plaintiff is entitled to judgment if there is anything due
on the mortgage and unless the entire condition of the mortgage
has been performed.   *Mason* v. *Mason*, 67 Maine, 546.

The partial failure in the consideration of a note is no defence
when the damages sought to be set off against the note are
unliquidated.   *Day* v. *Nix*, 9 Moore, 159 ; *Greenleaf* v. *Cook*,
2 Wheat, 13.

The partial failure of the title to the land is no defence to an
action on the notes given for the purchase money or to an action
on the mortgage given to secure the same.   The defendant must
resort to the covenants of warranty in his deed.   *Lloyd* v.
*Jewell*, 1 Greenl. 352 ; *Wrinkle* v. *Tyler*, 15 Martin, (La.) 111.

The defendant cannot take advantage of the alleged fraud at

this stage of the case. He should have offered to rescind within a reasonable time. *Lamerson* v. *Marvin*, 8 Barb. N. Y. 9; *McAllister* v. *Reab*, 4 Wend. 483; 8 *Id.* 109; *Curtis* v. *Hannay*, 3 Esp. R. 82; *Burton* v. *Stewart*, 3 Wend. 236.

When failure or want of consideration may be set up in bar of recovery on a sealed instrument, the purchaser of land is not allowed to allege failure in whole or in part while he is in the undisturbed possession of the land. 7 Martin, R. (La.) 223; 15 *Id.* 111; 11 *Id.* 235; 1 Bailey's S. C. Rep. 217.

*L. T. Carleton*, for the defendant.

FOSTER, J. Plaintiff conveyed a farm to defendant, the consideration therefor being two thousand dollars. Four hundred dollars were paid down. The defendant gave his notes for the balance, secured by mortgage upon the same premises.

This action was brought to foreclose the mortgage, and was referred to the presiding justice with the right of exception.

At the hearing the defendant offered to prove that the plaintiff when showing the defendant the premises pointed out to him as the north line, a line more than fifteen rods north of the true line, making a difference of some fifteen acres which the defendant would have got if the line had been where the plaintiff pointed it out; and that during the negotiations for the purchase the plaintiff took the defendant into his barn and showed him the hay, representing that all the hay then in the barn was cut from the premises the previous year, whereas in fact it had been accumulating there for years, and only ten or fifteen tons of the hay then in the barn were cut from the premises as represented, and that the defendant was damaged by means of these representations; and asked to be allowed to go into these matters and have the damages suffered by him allowed in reduction of whatever might be found due on the mortgage.

The court excluded the evidence offered, ordered judgment for the plaintiff, and on motion, conditional judgment as of mortgage.

From the case as presented, it may properly be inferred that the defendant did not understand or intend his defence to strike deep enough to defeat the plaintiff's action. Taking the whole

case as presented by the pleadings and the evidence offered, and viewing it in the light of the alleged fraud, and the claim of the defendant that the damages should be allowed on whatever might be found due on the mortgage, it is evident that he understood that there was something due upon the mortgage and that the plaintiff was entitled to judgment. The contract had never been rescinded; nor did the defendant claim that the land was not worth more than the sum paid down at the time of the purchase.

The evidence was not offered for the purpose of defeating the action by showing that even with the damage allowed nothing would be due under the mortgage, and was not admissible upon that branch of the case; yet in adjudging the amount due under the motion for the conditional judgment we think the evidence should have been received, and therein the court erred in excluding it.

The statute contemplates that in proceedings like this there may be two separate and distinct judgments — the one as based upon the title put in issue by the pleadings, and the other as to the amount. The former may be the result of a verdict, or, if referred to the court as in the present case, the judgment of the court in the place of the jury — the latter, under our statutes, (R. S., c. 90, § § 8, 9,) the work of the court. These provisions involve the necessity, when raised by the pleadings, of inquiring not only into the title, but also the existence and amount of the debt claimed to be due, in order to a proper entry of the conditional judgment. It may appear, that the debt has been wholly paid, and that nothing is due,— in which case no conditional judgment can be entered. Or it may appear that something is due, or that the conditions have not been fully performed, and in that case the plaintiff is entitled to judgment, and upon motion of either party, to the conditional judgment for such amount as the court may adjudge to be due. These judgments being separate and distinct, testimony may be admissible as pertinent to the one which might not be as to the other.

It may now be regarded as settled law that in an action of this kind to foreclose a mortgage the same defences may be made,

except the statute of limitations, which might be made in an action upon the note or other evidence of debt secured by the mortgage. *Vinton* v. *King*, 4 Allen, 562 ; *Davis* v. *Bean*, 114 Mass. 361 ; *Northy* v. *Northy*, 45 N. H. 141 ; 2 Jones on Mort. § 1296.

In *Wearse* v. *Pierce*, 24 Pick. 141, which was a writ of entry upon a mortgage, the defence set up was want of consideration for the notes secured by the mortgage, and the issue was tried by the jury and the defence prevailed. In that case the court held that inasmuch as the jury found that the notes were given without consideration there was nothing due on the mortgage upon which to found a conditional judgment, and that this amounted to a complete defence, thereby defeating the action.

In *Freeland* v. *Freeland*, 102 Mass. 475, the defence of a partial failure only was held appropriate upon a hearing on a motion for conditional judgment.

So in *Minot* v. *Sawyer*, 8 Allen, 78, it was held that an action of this kind opened any proper matter of defence in whole or in part to the validity of the note secured by the mortgage.

"We see no more reason," say the court in *Davis* v. *Bean*, "why any defence which relates to the validity of the debt, or to the consideration of the notes secured by a mortgage, should not be admitted to defeat or limit the right of the mortgagee to enforce his claim against the land of the mortgagor, as well as when he seeks to enforce it against the mortgagor personally. If the defence goes to the whole debt, it may be tried upon the main issue. If it is partial only, then it must necessarily be heard with the motion for conditional judgment."

In the case at bar the action is upon a mortgage made to secure notes given for the purchase of the very land covered by the mortgage. The sale of the land and the mortgage back were one transaction, so that if suit had been brought upon the notes, the evidence offered would have been admissible in mitigation of damages. Had action been brought by the plaintiff upon the notes instead of this suit upon the mortgage, the defendant might defend against the notes to the extent of the damages sustained by the plaintiff's fraud. *Rand* v. *Webber*, 64 Maine,

193 ; *Herbert* v. *Ford*, 29 Maine, 546 ; *Perley* v. *Balch*, 23 Pick. 283 ; *Dorr* v. *Fisher*, 1 Cush. 275.

It was upon this principle that in *Hammatt* v. *Emerson*, 27 Maine, 308, the court held that a partial failure of consideration for a note, given in payment for land sold, not arising out of a failure of title, but out of fraudulent representations respecting the quantity of timber trees then upon it, might be given in evidence in defence in a suit upon such note, while it remained in the hands of the seller, or of one having no superior rights.

Although the case is somewhat imperfectly made up, and does not show in express terms the amount for which the order for conditional judgment was made ; yet it may fairly be understood to embrace the amount of the mortgage debt unaffected by anything offered in defence. The testimony which was offered seems to have been understood by counsel as excluded for all purposes, although admissible under the motion for conditional judgment. Lest an injustice be done to the party offering it the court are of opinion that the entry should be,

*Exceptions sustained.*

PETERS, C. J., WALTON, DANFORTH, VIRGIN and EMERY, JJ., concurred.