BRADSTREET FULLER *vs.* LUCINDA B. EASTMAN, and another.

Kennebec. Opinion February 5, 1889.

*Judgment. Estoppel. Judgment on mortgage.*

Where in a writ of entry, to foreclose a mortgage, conditional judgment has been rendered, and the amount due thereon has been determined by the court, the defendant is estopped from afterwards setting up any defense, in a suit on the note, secured by such mortgage.

The conditional judgment fixes the amount of the indebtedness secured by the mortgage, and is conclusive as to such amount.

ON EXCEPTIONS, to the superior court for Kennebec county. The plaintiff excepted to the *pro forma* rulings of the presiding justice, of that court, in admitting evidence to show certain payments had been made, upon a promissory note, there in suit; and the amount which was due thereon plaintiff claimed had become *res adjudicata,* under the facts which are stated in the opinion.

*Webb and Webb,* for plaintiff.

Judgment as an estoppel: Freem. Jud., §§ 247, 249; *Aurora City* v. *West,* 7 Wall. 82.

Requisite of judgment estoppels: Freem. Jud., § 252; *Aspden* v. *Nixon,* 4 How. (U. S.) 467, 497.

Identity of subject matter: Freem. Jud., § 253; *Walker* v. *Chase,* 53 Maine, 258; *Spencer* v. *Dearth,* 43 Vt. 98; *Betts* v. *Starr,* 5 Conn. 550; *Doty* v. *Brown,* 4 N. Y. 71; *Perkins* v. *Perkins,* 16 Mich. 162. Identity of form of action: *Eastman* v. *Cooper,* 15 Pick. 276, 285; Freem. Jud., § 255. Identity of Issues: Freem. Jud., § 256; *Edwards* v. *Stewart,* 15 Barb. 67; *Gates* v. *Preston,* 41 N. Y. 113; *Bellinger* v. *Craigue,* 31 Barb. 534; *Atkinson* v. *White,* 60 Maine, 396; *Rogers* v. *Libbey,* 35 Id. 200; *Hobbs* v. *Parker,* 31 Id. 143; *Holmes* v. *French,* 70 Maine, 341.

Merits: Freem. Jud., § 260; *Hughes* v. *U. S.,* 4 Wall. 232; *Love* v. *Truman,* 10 Ohio, 45; *Brackett* v. *Hoitt,* 20 N. H. 257; *Wilbur* v. *Gilmore,* 21 Pick. 250; *Keene* v. *Clark,* 5 Rob. (N. Y.) 38.

*Heath and Tuell,* for defendants, submitted without argument.

FOSTER, J. Assumpsit on a promissory note secured by a mortgage of real estate in Waldo county. The pleadings are general issue, and plea in bar.

On the same day that this suit was instituted in the superior court for the county of Kennebec, the plaintiff brought a writ of entry in the county of Waldo for the purpose of foreclosing the mortgage. At the return term of court in that county, October 1887, the defendants appeared by counsel, and on the eighth day of the term the action was defaulted by agreement and judgment as of mortgage entered for the plaintiff. The court, in the presence of counsel for plaintiff and defendants, adjudged the amount due upon the mortgage in accordance with §§ 8 and 9 of c. 90, R. S., and a writ of possession was issued at the expiration of two months after judgment. Subsequently, at the December term of the superior court in Kennebec county, in this action upon the note, the defendants became defaulted, and at the hearing in damages before the court offered to show that certain payments had been made upon the note long prior to the date of the judgment in the other suit. The plaintiff seasonably objected to the admission of this evidence on the ground that the defendants were concluded, by the adjudication of the amount due and payable on the mortgage, in the suit in Waldo county. The court overruled the objection, admitted the evidence, and thereupon exceptions were taken.

Was this evidence admissible? We think it was not, and that the exceptions must be sustained.

When an action is brought for the purpose of foreclosing a mortgage, the statute contemplates that there shall be two separate and distinct judgments,—the one based upon the title put in issue by the pleadings, and the other as to the amount due upon the mortgage. *Ladd* v. *Putnam,* 79 Maine, 568, 570. The latter follows the conditional judgment upon which the court determines; and adjudges the amount due upon the mortgage. The conditional judgment fixes the amount of the indebtedness secured by the mortgage, and is conclusive as to such amount. *Merriam* v. *Merriam,* 6 Cush. 91, 93; *Burke* v. *Miller,* 4 Gray, 114, 115; *Sparhawk* v. *Wills,* 5 Gray, 423, 427, 428; *Minot* v. *Sawyer,* 8

Allen, 78, 80; *Stevens* v. *Miner*, 5 Gray, 429, note; *Freison* v. *Bates College*, 128 Mass. 466; *Divoll* v. *Atwood*, 41 N. H. 449.

It is now the settled law that in such action the same defenses may be made, except the statute of limitations, which might be made in an action upon the note secured by the mortgage. *Ladd* v. *Putnam, supra; Vinton* v. *King*, 4 Allen, 562; *Davis* v. *Bean*, 114 Mass. 361. "It opens up any proper matter of defense to the validity of the note in whole or in part." *Minot* v. *Sawyer, supra.*

The judgment in the former suit was one required by the statute. It was between the same parties as in the suit now before us, and upon the same subject matter. The court could not adjudge the amount due upon the mortgage without determining the amount due upon the note secured by it. That note is the identical note in this suit. The evidence related to payments made long prior to the date of that judgment.

It is a principle of law too familiar to require any citation of authorities in support of it, that when a matter in controversy has once been inquired into and settled by a court of competent jurisdiction, it can not be again drawn in question in another suit between the same parties. *Homer* v. *Fish*, 1 Pick. 435, 439. Nor will it avail the defendants that the facts now offered in evidence did not in fact come in question. If allowed it would render the rule nugatory, as said by Parker, C. J., in the case last cited, and where it was held that it was sufficient that the action was of a nature to admit of such a defense, and that the party in the new suit might have availed himself of it. *Greene* v. *Greene*, 2 Gray, 361, 365; *Sparhawk* v. *Wills, supra.*

In *Bigelow* v. *Winsor*, 1 Gray, 299, 301, the doctrine is thus stated: "Whether it be a court of law or equity, of admiralty or of probate, if in the matter in controversy between the parties, with the same object in view, that of remedy between them, the court had jurisdiction to decide, it is a legal adjudication binding on these parties." In addition to the foregoing authorities the following will be found to sustain the same doctrine. *Walker* v. *Chase*, 53 Maine, 258, 260; *Lander* v. *Arno*, 65 Maine, 26, 29; *do. Howard* v. *Kimball*, 308, 330; *Burlen* v. *Shannon*, 99 Mass. 200, 202, 203.

In the case last cited, it was held, that a judgment is conclusive by way of estoppel as to all such facts as are necessarily involved in it, and without the existence, proof or admission of which such judgment could not have been rendered; that the estoppel is not confined to the judgment merely, but that it "extends to all facts involved in it as necessary steps or the groundwork upon which it must have been founded." The very recent case of *Blodgett* v. *Dow, ante,* 197, is to the same effect.

The record in this case pertaining to the conditional judgment covers all facts necessary in determining the amount due at the date of that judgment.

But viewing this question in the light of the authorities we find that the court, in several cases, has held that where in a writ of entry to foreclose a mortgage, conditional judgment has been rendered, and the amount due thereon has been determined by the court, the defendant is estopped from afterwards setting up any defense, in a suit on the note, secured by such mortgage. This was directly decided in the case of *Burke* v. *Miller,* 4 Gray, 114, 116.

In that case the court held, that the same question was involved and must have been determined in the former suit. Defense was attempted in a suit upon the note, and the court say: "Upon examination of the conditional judgment which was rendered in the former suit, it appears that the court did then determine that the amount of the note declared on, in the present action, was due to the plaintiff. The real question of indebtedness, therefore, which is now in issue between the parties, was not only involved in the former suit, but was in fact made the subject of an actual adjudication."

The same is also true in the case of *Sparhawk* v. *Wills,* 5 Gray, *supra ; Divoll* v. *Atwood,* 41 N. H. 449; *Betts* v. *Starr,* 5 Conn. 550; *Holmes* v. *French,* 70 Maine, 341, 344.

In the case of *Minot* v. *Sawyer,* 8 Allen, 78, which was a writ of entry to foreclose a mortgage, the court affirm the doctrine, and say: "As already remarked, this judgment is conclusive as to the amount legally due on the note. The defendant is compelled to raise the question of usurious interest in this suit, or be estopped from claiming the deduction hereafter."

Nor is it essential that the estoppel or bar should exist before the commencement of the suit.    *Morgan* v. *Barker*, 26 Vt. 602.

The entry must therefore be,

*Exceptions sustained.*

PETERS, C. J., WALTON, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.