ALWILDA S. DAVIS *vs.* LUTHER O. POLAND.

LUTHER O. POLAND *vs.* ALWILDA S. DAVIS, et al.

Knox.    Opinion December 12, 1904.

*Real Action.    Trespass, q. c.    Mortgage for Support.    Possession.    Breach of
Condition.    Burden of Proof.    R. S. 1903, c. 77, § 1; c. 97, § 5.*

Ordinarily, in the case of a mortgage given to secure the payment of money,
the burden of proving the payment of the mortgage indebtedness is on
the mortgagor, and in an action to recover possession by the mortgagee in
a mortgage given for his support, where there is no agreement to the con-
trary, and no clause from which such an agreement may be fairly inferred,
the mortgagee is entitled to possession of the mortgaged premises, and to
maintain a real action to recover such possession, whether there has been
a breach of the condition of the mortgage or not.

But it is otherwise in the case of a mortgage given for the support of the
mortgagee where it is provided in the mortgage that the support shall be
furnished the mortgagee upon the premises described in the mortgage.   In
such a case, the implication is clear that it was not the intention of the
parties that the mortgagor should retain possession of the premises until a
breach of the condition, because possession by him is absolutely necessary
in order to enable him to perform the condition of the mortgage.   In such
a case, the burden of proving that there has been a breach of the condition
of the mortgage is upon the mortgagee, or upon an assignee, who seeks to
recover possession of the premises.

These two actions were tried together, and at the close of the evidence the
presiding justice directed a verdict for the plaintiff in each action.    *Held:*
that the facts as shown by the evidence, and which appear in the opinion,
were not sufficient to warrant this direction, and that the verdicts must be
set aside.

On exceptions, by plaintiff and defendant in trespass action and
by defendants in real action.    Sustained.

Real action and an action of trespass quare clausum for an alleged
trespass upon the premises demanded, tried together by order of the
presiding justice.    At the close of the evidence the presiding justice
ordered a verdict for the plaintiff in each action.    The jury returned
verdicts as directed, assessing damages in trespass action at $63.

The case sufficiently appears in the opinion.

*D. N. Mortland,* for Alwilda S. Davis and Alwilda S. Davis, et al.

*C. E. & A. S. Littlefield and Frank B. Miller,* for Luther O. Poland.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, PEABODY, SPEAR, JJ.

WISWELL, C. J.   These two cases, by direction of the court, were tried together.   That of *Poland* v. *Davis* et al. is a real action, while that of *Davis* v. *Poland* is an action of trespass quare clausum for an alleged trespass upon the same premises that are demanded in the real action.

In the first case the presiding justice ordered a verdict for the plaintiff; he also ordered a verdict for the plaintiff in the action of trespass, submitting the question of damages to the jury, but instructing the jury that there was no evidence of any malice on the part of the defendant in that action and that the plaintiff could not recover damages for the injury done to the realty as the title was in Poland.

First, as to the real action:   One Edward Crouse, under whom both parties claim, was at one time the owner of the demanded premises, he conveyed them to his daughter, the defendant in the real action, who, with her husband, gave a bond to her father for his support and secured the same by a mortgage upon the premises; both bond and mortgage were conditioned for the support of Edward Crouse during his natural life "in the house this day deeded by said Edward to said Alwilda and at his death give him suitable burial." At the time of the conveyance from Crouse to his daughter, he had a wife living, from whom he had separated, who did not join in the conveyance, and who was not mentioned in the bond and mortgage given back for the support of the grantor.

It further appears that the mortgagee, Crouse, left the premises conveyed to Mrs. Davis, in the fall of 1900, and thereafter lived with his son, Mark B. Crouse, in another town in the same county until the time of his death shortly after midnight on March 18, 1901. Upon the petition of a person claiming to be a creditor, an admin-

istrator was appointed upon the estate of Edward Crouse, who subsequently attempted to foreclose this mortgage to secure the support of his intestate by publication in the newspaper, the last publication being on July 4, 1902. After the expiration of the period allowed for redemption, the administrator, having obtained license therefor from the Probate Court, conveyed the premises to the plaintiff in the real action. This is the title of the plaintiff, except that in addition to this, it also appears that the widow of Edward Crouse, who did not join in the conveyance to Mrs. Davis, after the death of Crouse, conveyed her interest in the property to Poland. The plaintiff sought to recover the whole of the demanded premises, and the verdict ordered by the presiding justice for the plaintiff was for the whole of the premises.

Various questions are raised by the defendants as to the validity of the attempted foreclosure, and as to other matters, which need not now be considered, both because of our conclusion as to the propriety of the direction of the verdict, and also, so far as the validity of the foreclosure is concerned, because we think that it is immaterial whether the mortgage was foreclosed or not, since, if the foreclosure was invalid, the deed from the administrator to the plaintiff would probably be sufficient to affect an assignment of the mortgage, if it then existed unextinguished, and this would be sufficient to authorize the plaintiff to maintain this action, if the other necessary facts exist.

But, except as to the title to an undivided interest, which Poland has by reason of the conveyance to him from the widow of the previous owner, it is plain, we think, that before the plaintiff in the real action would be entitled to a judgment for possession of the whole of the demanded premises, or to a verdict upon which such a judgment would be based, he must show that this mortgage was existing and unextinguished at the time of the appointment of the administrator, at the time of the conveyance or assignment to him, and at the time of the commencement of the suit, except perhaps as it may have been extinguished by the foreclosure; in other words, he must show that there had been a breach of the condition of the mortgage. Ordinarily, in the case of a mortgage given to secure the payment of money,

the burden of proving payment of the mortgage indebtedness is on the mortgagor. *Crooker* v. *Crooker*, 49 Maine, 416. And where a common law judgment for possession only is sought it is not even necessary for the mortgagee to produce the notes referred to in the mortgage or other evidence of the existence of the mortgage indebtedness, where there is no evidence to the contrary and no circumstances from which a payment of the indebtedness may be inferred. Although it is otherwise when either party asks for a conditional judgment. *Morse* v. *Stafford*, 95 Maine, 31. And so, too, in an action to recover possession of premises by the mortgagee in a mortgage given for his support, where there is no agreement to the contrary and no clause from which such an agreement may be fairly inferred, the mortgagee is entitled to possession of the mortgaged premises, and consequently can maintain a real action to recover such possession, whether there has been a breach of the condition of the mortgage or not. *Hadley* v. *Hadley*, 80 Maine, 459, and numerous other cases in this state.

But in this case, where the condition both of the bond and of the mortgage provided that the support to be furnished Crouse should be in the house upon the premises described in the mortgage, the implication is clear that it was the intention of the parties that the mortgagors should retain possession of the premises until a breach of the condition, because such possession is absolutely necessary in order to enable the mortgagors to perform the condition of the mortgage. Therefore, neither the mortgagee in his lifetime, nor his administrator nor an assignee or grantee of the administrator can maintain this action for possession, so far as it is based upon the mortgage, unless it be shown that there was a breach of the condition of the mortgage. Without any evidence at all upon this question the defendant would prevail. Therefore in accordance with the familiar principles, in order to maintain this action for the recovery of the whole of the demanded premises the burden of proving a breach of the condition is upon the plaintiff. This was decided in *Bryant* v. *Erskine*, 55 Maine, 153. The burden then being upon the plaintiff, we do not think that the facts stated in the bill of exceptions so clearly show a breach of the condition of the mortgage as to warrant the presiding

justice in taking the case from the jury and in directing a verdict for the plaintiff.　　As we have already seen, the mortgagee left the defendants' home some months before his death and made his home with his son, in another part of the county until the time of his death. There is no evidence whatever of any failure upon the part of the mortgagors to support him up to that time.　　To perform the condition of this mortgage, it was not the duty of the mortgagors to support the mortgagee elsewhere, and, although it was a part of the condition that they should give him a suitable burial at his death, that did not require the mortgagors to follow him wherever he might see fit to go, and to provide for his burial wherever he might be at the time of his death, after he had voluntarily abandoned the home which they were bound to provide for him.

It further appears from the exceptions that the mortgagee's son employed an undertaker to attend to the burial of his father, who rendered all necessary services, furnished the casket and other things necessary, and took charge of the funeral.　　Whatever may have been the duty of the mortgagors to attend to these matters under some circumstances, if somebody else voluntarily assumes this duty it was not a breach of the condition by the mortgagors, and neither was it a breach upon their part to refuse to pay the expenses thus voluntarily incurred by the son.　　*Daniels* v. *Eisenlor*, 10 Mich. 454, cited in Jones on Mortgages, § 393.

But, it is said in the exceptions, and this is the only breach that is substantially relied upon, that the mortgagors were notified of the mortgagee's death, that all arrangements had been made for the funeral, and were requested to dig the grave or to have it dug at their expense, and that they refused to do so.　　We do not think that it can be said from this bare statement, without the other facts and circumstances appearing, that there was unquestionably and clearly a breach of the condition.　　It does not appear where the burial was desired by the son who had assumed to take charge of the matter. The mortgagors were certainly not obliged to go to the town, in another part of the county, in which the mortgagee died, and take the remains from there, nor were they required to provide for the burial in that town, and whether or not this was the purpose and

request of the son who made the request does not appear. They were not required to perform this duty in any particular place. Their only duty, under any circumstances, was to give him a suitable burial; this might have been upon the premises or in a cemetery, or it might have been entirely suitable and proper to have placed the remains in a receiving tomb, until, in some more favorable season of the year, than the month of March, they could select a suitable place and have a grave dug for the remains of the deceased. Where the only breach of the condition that can be claimed, is the failure to pay the trifling expense that would be necessary in the respect referred to, we think, that it should be made to appear very clearly that there was such an unreasonable refusal to perform this service as would constitute a breach of the condition, before a verdict should be directed, necessarily based upon such breach.

In the action of trespass quare clausum both sides have alleged exceptions; the defendant because a verdict was ordered against him, the plaintiff, because of the ruling that the plaintiff could not recover for injuries done to the freehold since the title was in Poland, as well as for other reasons. Upon the death of Edward Crouse in 1901, leaving a widow and issue, one-third of these premises, of which he had been seized during coverture, descended to his widow, her interest therein not having been barred or released. R. S., c. 77, § 1. She thereby became a tenant in common with the owner of the other two-thirds. *Longley* v. *Longley,* 92 Maine, 395. And upon the conveyance from the widow to Poland, he became such tenant in common. The trial of the case, however, proceeded upon the ground that Poland was the owner of the whole of the premises, that the plaintiff was a tenant, and that under the circumstances of the case, she could maintain an action of trespass against her landlord for such acts as were committed by him. This was an erroneous theory, so far, at least, as the facts now appear and in view of our conclusion in the real action. A new trial must, therefore, be ordered in this case as well as in the other.

We need not now determine whether or not the acts complained of as trespasses, and the circumstances of the case are such as to authorize the maintenance of an action of trespass quare clausum by

one co-tenant against another. This can be done under some circumstances, for instance, as provided in R. S., c. 97, § 5, and perhaps under other circumstances.

*Defendants' exceptions in the real action, and plaintiff's exceptions in the action of trespass, sustained.*