MARY C. WEEKS *vs.* JOHN H. HICKEY AND ALICE K. HICKEY.

Penobscot.     Opinion October 28, 1930.

*Mayo & Snare*, for plaintiff.
*Stanley F. Needham*, for defendants.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, THAXTER, JJ.

PATTANGALL, C. J.   Exceptions.  Case heard before single Jus-
tice.  Right of exceptions reserved.  The subject of the suit was a
promissory note payable to Edgar B. Weeks, now deceased, of
which Union Land Company, a corporation, was maker, signed by
John H. Hickey, treasurer of the company, and endorsed before
delivery by John H. Hickey and Alice K. Hickey.

Mary E. Weeks, widow of Edgar B. Weeks, was administratrix
of his estate and after the note was defaulted, endorsed same as
administratrix and took it over to herself in payment of money ·due
her from the estate.

The declaration was in usual form. Plea, general issue with brief statement as follows:

"That the first and successive installments of said note as declared upon in Plaintiff's writ and declaration are barred by the Statute of Limitations, which Defendants hereby invoke.

Also that with reference to all installments of said note which matured prior to July 16, 1927, no demand was made upon the maker and no notice of dishonor was given to Defendants as indorsers and no liability thereby accrued as to said Defendants on all installments of said note as declared upon in Plaintiff's declaration which matured prior to July 16, 1927."

Specifications of defense were required and filed:

"1. There is absence of consideration in the execution of the note as declared upon in plaintiff's declaration.

2. Plaintiff is not a holder in due course of the instrument as set forth in plaintiff's writ and declaration.

3. Defendants invoke the Statute of Limitation as a defense to their liability on the note as set forth in plaintiff's declaration.

4. Defendants set up as a defense to their liability on the note as set forth in the plaintiff's declaration that their status on the note is that of 'indorsers' and that their liability thereon has not accrued because no legal notice has been given them of dishonor of the note by the maker.

5. They did not promise in manner and form as plaintiff has alleged in her said writ and declaration."

The presiding Justice found the following facts:

"One John H. Hickey purchased from one Edgar B. Weeks certain shares of stock. He paid $1,800 in cash, and, for the balance due, executed a note of the Union Land Company, a corporation of which he, John H. Hickey, was treasurer, payable to Edgar B. Weeks, and endorsed by himself and his wife, Alice K. Hickey, and delivered the same to the said Edgar B. Weeks.

The corporation received no benefit from the transaction, and the payee of the said note knew, or ought to have known, of this fact.

No authority was shown for the corporation to execute an accommodation note.

The note was payable in installments. Payments on the note were made as follows:

July 23, 1920 — $312.00, interest to July 16, 1920.
$700.00, on principal.

Subsequent payments, falling due, were not made.

On July 16, 1927, presentment of the note was made, and due notice of default of payment was given to the endorsers. Likewise on July 16, 1928.

The payee died, and Mary E. Weeks, the plaintiff, was appointed Administratrix of his estate. Subsequently, and after the default of payments on said note, the said Mary E. Weeks endorsed the note as Administratrix and took it over to herself in payment of money due her as beneficiary of said estate.

No affidavit under Rule X was filed."

Rulings followed:

"1. That the note was for the accommodation of the endorsers, said John H. Hickey and Alice K. Hickey, the defendants.

2. That the first defaulted payment dishonored the whole note.

3. That no presentment of said note was necessary, nor notice of default of payment by the promissor, in order to hold the endorsers.

4. That the Statute of Limitations was not properly pleaded as a defense to this action.

5. That the defendant are liable upon said note."

Defendants excepted to the first, third, fourth and fifth rulings.

The first finding was one of fact and had it support in evidence, it would be conclusive on this court. *Randall* v. *Kehlor*, 60 Me., 37; *Kneeland* v. *Webb*, 68 Me., 541; *Reed* v. *Bickford*, 70 Me., 504; *Viele* v. *Curtis*, 116 Me., 145; *Ayer* v. *Harris*, 125 Me., 249.

But such a finding unsupported by evidence is subject to exceptions. *Chabot* v. *L. T. Chabot*, 109 Me., 405; *Edwards* v. *Goodall*, 126 Me., 254. There is no evidence in the record even tending to support the proposition that the note in question was for the accommodation of Alice K. Hickey. The finding is error so far as she is concerned.

The second exception reveals a similar situation.

The third finding was based upon the proposition that "presentment for payment is not required in order to charge an indorser when the instrument was made or accepted for his accommodation and he has no reason to expect that the instrument will be paid if presented." Sec. 80, Chap. 257, P. L. 1917.

The evidence warranted a finding that presentment and notice of default of payment was unnecessary so far as John H. Hickey was concerned, but there is nothing upon which to predicate such conclusion with regard to Alice K. Hickey. She was clearly entitled to notice of default of payment. No such notice was given her until long after the instrument was dishonored. Lack of reasonable notice relieved her from liability. Sec. 66, Chap. 257, P. L. 1917.

The third exception is to the finding that "the Statute of Limitations was not properly pleaded as a defense to this action."

Defendants plead the general issue with brief statement which contained the following paragraph: "That the first and successive installments on said note as declared upon in plaintiff's writ and declaration are barred by the Statute of Limitations, which defendants hereby invoke."

Plaintiff moved for specifications of defense. They were filed and included "Defendants invoke the Statute of Limitations as a defense to their liability on the note as set forth in plaintiff's declaration."

In Ministerial and School Fund in *Solon* v. *Rowell*, 49 Me., 333, the Court said:

"This is an action upon a promissory note of hand, purporting to have been signed by all the defendants, upon which is the name of Benj. F. Eaton as a subscribing witness.

The defendant David Rowell, pleaded the general issue, which was joined, and with it the following: . . . 'And for brief

statement, pleads the statute of limitations.' By a counter brief statement, the plaintiff says 'that the brief statement is not such as to present any ground of defence, other than under the general issue.'

No particular form of a brief statement is prescribed, nor is it required to be subscribed by the defendant or his attorney. 'The general issue may be pleaded in all cases, and a brief statement of special matter of defence filed,' is the language of the statute. It has always been practically understood that formal words may be omitted; and that, if the special matter is so indicated that it can be readily apprehended, it is sufficient.

The special matter in defence, in this case, was brought to the notice of the plaintiff by the defendant. Rowell's pleadings in terms were concise, but it is difficult to perceive how there could have been any misunderstanding of the intention."

Chief Justice Wiswell, speaking for the court in *Clark* v. *Holway,* 101 Me., 396, said:

"The great object of the statute which provided for filing a brief statement of special matters of defense where a special plea was before required, was to do away with the technicalities and the strictness formerly required in special pleas in bar. To be sure the facts relied upon and necessary for the defense must be set out with certainty to a common intent, *Washburn* v. *Mosely,* 22 Maine, 160, by which is meant that the facts which constitute the cause of action or the ground of defense, must be so clearly and distinctly stated, that they may be understood by the party who is to answer them, by the jury which is to ascertain the truth of the allegations, and by the court who is to give judgment."

The court below erred in holding that the Statute of Limitations was insufficiently pleaded. This ground of defense was "clearly and distinctly stated." It could not fail to have been understood by the parties and by the court. It was concise, and "it is difficult to perceive how there could have been any misunderstanding of the intention."

But plaintiff urges that the finding, even if wrong, was not prejudicial because no evidence was introduced to sustain the plea. All of the evidence necessary to sustain it had been submitted. The note dated July 16, 1919, was for $5,200, payable in eleven annual installments, the first ten for $500 each, interest payable annually. On July 23, 1920, interest to date and $700 was paid on the principal. No further payments were made. The writ was dated February 12, 1929. The note was in evidence.

Every fact necessary to enable the court to decide whether or not the Statute of Limitations constituted a defense to the action was before it. There was nothing to add. Defendants were entitled to consideration of that defense. Both defendants were prejudiced by this finding.

*Exceptions sustained.*