BERNARD F. MANN *vs.* HOMESTEAD REALTY COMPANY.

Androscoggin.     Opinion, September 6, 1935.

*Seth May*, for plaintiff.
*Pulsifer & Ludden*, for defendant.

**38**

Sitting: Pattangall, C. J., Dunn, Sturgis, Barnes, Thaxter, Hudson, JJ.

Sturgis, J. This is an action of assumpsit to recover a deficiency judgment upon a promissory note for $3,500 secured by a mortgage of real estate upon which on February 9, 1934, and prior to the bringing of this suit, strict foreclosure proceedings were completed and the equity of redemption expired. The plea was the general issue. Judgment was for the defendant and the plaintiff reserved exceptions.

When the foreclosure was completed, $3,736.25 was due on the note and remained unpaid. The plaintiff offered evidence tending to show that when foreclosure became absolute something less than $2,800 was the fair market value of the mortgaged real estate. The witnesses for the defendant placed a value of from $4,000 to $4,200 on the property. The trial Judge, after referring to this conflict in the evidence, made the following written statement of the reasons for his decision:

> "When real estate men, experienced in market values of property like that in question, are so widely divergent in their judgment as to values, the Court cannot be expected to guess, 'as a guess is not a safe basis for a judgment.'*
>
> The evidence fails to show with sufficient force that the plaintiff has not received property equal in value to the sum due him.
>
> Judgment for Defendant."

It is well settled that a completed foreclosure of a mortgage amounts to a satisfaction of the mortgage debt to the extent of the value of the mortgaged property at the date the foreclosure becomes absolute. If the value of the property is less than the debt, the holder is entitled to recover the deficiency. *Flint* v. *Land Co.*, 89 Me., 420, 36 A., 634; *Marston* v. *Marston*, 45 Me., 415. See *Viles* v. *Korty*, 133 Me., 154, 174 A., 903. The completed foreclosure is in legal effect a payment of the debt at least pro tanto. *Flint* v. *Land Co.*, supra; *West* v. *Chamberlin*, 8 Pick., 336; 2 *Greenleaf on Evidence*, Sec. 524. The defense of payment is open under the general issue. *Hibbard* v. *Collins*, 127 Me., 383, 143 A.,

600; *Lee* v. *Oppenheimer*, 32 Me., 253, 255; 2 *Encyc. Pl. & Pr.*, 1028. The burden of proving payment of the mortgage debt, however, is upon the mortgagor. *Davis* v. *Poland*, 99 Me., 345, 59 A., 520; *Crooker* v. *Crooker*, 59 Me., 416. This burden necessarily includes the establishment of the value of the mortgaged property at the time foreclosure is completed and the resulting satisfaction of the mortgage debt. The ruling below must be construed as casting the burden of proving this value upon the mortgagee. This is not the rule.

It further appears in the Bill of Exceptions that the mortgage note in this case was admitted in evidence without objection. By the introduction of the note, the plaintiff made out a prima facie case for a recovery of the full amount due thereon. *Eisenman* v. *Austen, Ex'r.*, 132 Me., 214, 169 A., 162. All evidence tending to show partial or full satisfaction and payment of the note through completed foreclosure of the mortgage given to secure it being rejected as of no probative value, as the record reads the trial Judge found as a fact without evidence that the plaintiff had received full payment of his debt. A finding of fact unsupported by evidence is an error of law and subject to exceptions. *Weeks* v. *Hickey*, 129 Me., 339, 151 A., 890.

The defendant's motion addressed to the Law Court, objecting to the sufficiency of the Bill of Exceptions and praying that the same may be supplemented by the production of printed copies of the evidence, can not be granted. The certificate of the presiding Justice is merely, "exceptions allowed." There is no qualification or limitation whatever. The certificate is conclusive as to the regularity of the filing and allowance of the exception. *Dunn* v. *Motor Co.*, 92 Me., 165, 42 A., 389; *Poland* v. *McDowell*, 114 Me., 511, 96 A., 834. The Law Court has no power to permit an amendment of the Bill of Exceptions. *True* v. *Plumley*, 36 Me., 466.

*Exceptions sustained.*