PEPPERELL TRUST CO.
*vs.*
LIDA E. MEHLMAN ET AL.

Cumberland.    Opinion, August 25, 1959

*Lausier & Donahue,* for plaintiff

*Harvey & Harvey,* for defendant

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

WILLIAMSON, C. J.   On exceptions.   The mortgagee objects to the refusal of the Court to include an attorney's fee in a conditional judgment issued on a writ of entry to foreclose a real estate mortgage.

On July 6, 1955, Lida E. Mehlman the defendant and Gordon H. Mehlman her husband, since deceased, mortgaged certain real estate in Cumberland County to the plaintiff bank to secure a demand note for $10,500.   The note and mortgage contain the following provisions:

> "Demand, protest, notice of dishonor, and all other requirements necessary to hold them are hereby waived, by each and every maker of this Note. It is further agreed that all costs and other expenses attendant to enforcing payment of this Note shall be paid by the maker and (or) endorser of this Note".
>
> \* \* \* \* \* \* \* \* \* \*
>
> ". . . shall pay to said grantee - - - all expenses, if any are incurred, of foreclosure of this mortgage, together with all costs and other expenses attendant to enforcing payment of this note with interest on said sums - - -"

In May 1957 Mrs. Mehlman sold the property to defendant Stanley C. Zaprzalka who agreed with the bank to make monthly payments of a stated amount on the mort-

gage debt. The position of the defendant Sophie V. Zaprzalka is not clear on the record. We may fairly assume she is the wife of Stanley C. Zaprzalka and a grantee with him from Mrs. Mehlman.

On August 13, 1958, the bank directors voted that the note in question "be delivered to the bank's attorneys for collection." On August 22, 1958, without notice to Mrs. Mehlman the bank commenced an action on the note in the Superior Court in York County and a writ of entry to foreclose the mortgage in the Superior Court in Cumberland County.

Shortly thereafter Mrs. Mehlman sought to pay the amount overdue of $192 and to continue with the mortgage payments. In late September the bank refused the offer, informing her "that since the action was already started that we could not accept the check, that it would have to be cleared through the office of our attorneys, and I (the treasurer) returned the check and the deed to her that day."

Under date of September 29, 1958, the attorneys for the bank wrote Mrs. Mehlman that "the total amount (of legal expenses) as of today is $1,037.64 which are in conformity with the fee schedule of the York County Bar Association."

The writ of entry with conditional judgment is designed to foreclose a mortgage and establish the amount secured thereby. R. S., C. 177, §§ 9, 10, 11. There are two judgments: first, on the title, by a jury or, with agreement of the parties, by the court; and secondly, on the amount, by the court. *Ladd* v. *Putnam,* 79 Me. 568, 12 A. 628.

The amount due is found in the light of equity and good conscience. The court in *Eugley* v. *Sproul,* 115 Me. 463, 99 A. 443, said at p. 466:

> "Under a similar statute in Massachusetts, practically identical with our own, and another provi-

sion of a more general nature, it was held that these special provisions as to the judgment give to the special writ of entry nearly all of the attributes of a suit in equity. ."

\* \* \* \* \* \* \* \* \* \*

"Since redemption is an equitable right, it can be claimed by a mortgagor, only on terms of his paying all that is just and equitably due under the mortgage, even though the debt should not be recoverable at law, being barred by the statute of limitations. . . The sum required for the redemption of the mortgaged premises is the same in a suit by the mortgagor to redeem as it would be in like circumstances in a suit by the mortgagee to foreclosure."

See also 59 C. J. S. *Mortgages* § 534 (c).

The mortgagee is bound by the amount so determined, for example, in an action on the note. *Fuller* v. *Eastman,* 81 Me. 284, 17 A. 67.

The presiding justice ruled that the note and the mortgage did not include attorney's fees. We reach a like result with him in the outcome of the case but by a different path.

There is no public policy against the provisions of the note and mortgage. Whatever expenses may reasonably and properly come within the language used should and ought to be included in a conditional judgment on the mortgage. In our view the language used fairly includes reasonable attorney's fees incurred by the mortgagee in protecting his position. It is well understood that the services of an attorney are necessary to foreclose a mortgage by means of a writ of entry and conditional judgment.

In *Haczela* v. *Krupa et al,* 219 Mass. 261, 106 N.E. 1004, the Massachusetts Court said on a sale under a mortgage, " '. . . including all costs, charges and expenses incurred or sustained by him. . . in relation to the said property.'

Whatever rightly may be included under 'expenses' in this connection is a part of the debt secured by the mortgage. 'Expense' is a word of somewhat varying significance. But when used in mortgages, it has been held to be broad enough to include reasonable counsel fees." See also *Graves v. Burch* (Wyo.) 181 P. 354, 5 A.L.R. 1216; *Leventhal v. Krinsky*, 325 Mass. 336, 90 N.E. (2nd) 545, 17 A.L.R. (2nd) 281; *Citizens Nat. Bank v. Waugh*, 78 F. (2nd) 325 (4th Cir.), 100 A.L.R. 939; 10 C.J.S. *Bills and Notes* § 108; 7 Am. Jur. *Bills and Notes* §§ 138-142; 37 Am. Jur. *Mortgages* § 599; R. S., c. 188, § 2V (Uniform Negotiable Instruments Act).

In certain other methods of foreclosure under the statutes, $25 paid in full or partial discharge of an attorney's fee may be included in the amount required to redeem. R. S., c. 177, § 6. There is no such provision in foreclosure by writ of entry. The provision of a fee of $25 in certain types of mortgage foreclosure does not deny the right of the parties to contract for payment of a reasonable fee.

The plaintiff bank in argument seeks to include reasonable attorney's fees incurred by it in the conditional judgment and argues that the fee schedule of the York County Bar Association is material evidence thereon.

The fee schedule reads in part:

"COMMERCIAL COLLECTIONS.

Definition—Commercial collections are claims against merchants or professional men, or others in business as opposed to RETAIL COLLECTIONS, which are claims against consumers.

"The Schedule of Recommended Uniform Rates of the Commercial Law League of America shall apply as follows:

18% on the first $   500.00
15% on the next $   500.00
10% in excess of $1,000.00"

The total collection fee on the amount here involved would amount to $1037, or over 10% of the mortgage debt. Such a fee is, in our view, unreasonable for the services performed. The bank's attorney did no more than commence foreclosure of a mortgage by one of the statutory methods. The foreclosure in this instance presented so far as we are aware no unusual problems. Neither title nor amount of mortgage debt are questioned in the action, except insofar as the attorney's fees are concerned.

There is nothing whatsoever to indicate that the mortgaged property was worth less than the debt, or that the bank was of the opinion that a deficiency would result on foreclosure. In short, there is no suggestion that the property on completion of foreclosure (if there were no payment) would not pay the bank in full, or that the attorney in any reasonable likelihood would be forced to secure and collect a deficiency judgment. *Flint* v. *Land Co.*, 89 Me. 420, 36 A. 634; *Mann* v. *Homestead Realty Company*, 134 Me. 37, 180 A. 807.

The attorney was engaged by the bank to foreclose a mortgage, not to collect a commercial debt. The argument of the plaintiff bank goes further than the record. We find in the record no suggestion of a claim for fees, except for $1037, based solely upon the collection rates in the Bar schedule. There is not the slightest evidence of a reasonable fee, for example, for bringing the writ of entry to a successful conclusion, or for bringing an action on the note.

The Bar schedule (assuming without deciding its admissibility) added nothing to the determination of a reasonable fee for foreclosure. The bank would have gained nothing from its admission, and lost nothing from its exclusion.

We need not determine whether the court without evidence on its own observation of services performed could

have allowed an attorney's fee, as in a receivership or will case. In the case at bar, as we have indicated, the bank sought only to include a commercial collection fee. The bank, and we may fairly assume its counsel, were not interested in establishing a fee on any other basis. It is not the obligation of the court to go beyond the plain request of the plaintiff.

The presiding justice, in the reasons for his decision, said:

> "Certain it is in this case that it seems highly unjust to impose an obligation to pay an additional one thousand dollars as 'cost and expense' on the collection of a demand note with demand waived and with the default in payment by a transferee of the property and without notice to the maker.

> "We hold therefore that the controversial phrase does not include attorney's collection fee. ."

We assume, without intimating an opinion thereon, that the defendants gained no advantage from the fact that the default was by the transferee and that no notice was given to Mrs. Mehlman, the maker of the note.

As we read the record, the all important fact is that the bank has failed to offer evidence from which the presiding justice could have found a reasonable attorney's fee for services to the bank in the foreclosure of the mortgage. It would be unreasonable and unjust to base such fees upon a schedule for commercial collections.

The entry will be

*Exceptions overruled.*