BODWELL GRANITE COMPANY *vs.* FRANCIS M. LANE.

Knox.    Opinion January 27, 1891.

*Mortgage for support.    Sale of Mortgagor's Interest.    Deed.    Fee not limited.
Notice to Quit.*

A mortgagor's interest in land, mortgaged to secure the support of the mortgagee by the mortgagor, can be sold upon execution against the mortgagor.

Where a deed contains all the necessary words for a conveyance of the fee, and shows an intention to convey the fee, a clause in the deed indicating the motive or purpose of the conveyance will not limit its effect as a conveyance of the fee.

When the occupant of land denies the title of the owner, he is not entitled to any notice to quit, before suit against him for the possession.

ON REPORT.

The facts are stated in the opinion.

*C. E. Littlefield*, for plaintiff.

Plaintiff attached and sold, not the right to redeem from mortgage to Rebecca C. Lane, but the mortgage to Kittredge, the last mortgage prior to attachment.    The sale of that right draws after it all the rest, (*Bartlett* v. *Stearns*, 73 Maine, 22,) and defendant estopped from denying its validity.    Big. Estop. 326, 327.

There is a distinction between a personal contract to support for life and a mortgage of real estate to secure performance of such contract.    Plaintiff as grantee of mortgagor not seeking to perform that contract.    The beneficiary under the contract is dead.    Cases cited by defendant are those where parties, claiming under one of contracting parties, endeavored to make performance, or compel other party to perform.

The clause in deed, from Susan F. Lane to defendant, merely

a declaration of the legal effect of deed. It does not add to or take from the deed. Deed would so operate to mortgagees under the covenant of warranty in their mortgages. *Pike* v. *Galvin*, 29 Maine, 183 ; Jones Mort. § § 561, 682.

*J. O. Robinson* and *J. F. Libby*, for defendant.

Lane had no attachable interest in the premises at the time of attachment. The mother of defendant was then living. Counsel cited : *Flanders* v. *Lamphear*, 9 N. H. 201 ; *Eastman* v. *Batchelder*, 36 *Id.* 141, 152 ; *Barker* v. *Cox*, *Id.* 344 ; *Bethlehem* v. *Annis*, 40 *Id.* 34 ; 1 Wash. R. P., p. 498 ; *Clinton* v. *Fly*, 10 Maine, 292 ; *Bryant* v. *Erskine*, 55 *Id.* 153. Sheriff's sale a nullity, and passed no title to purchaser, the mortgage being discharged after attachment and before levy, the equity to redeem ceased to exist. *Hackett* v. *Buck*, 128 Mass. 369 ; *Mansfield* v. *Dyer*, 133 *Id.* p. 376 ; *Gardner* v. *Barnes*, 106 *Id.* 505, and cases cited. Plaintiff acquired by the sale no right of entry. R. S., c. 104, § 5. The language in wife's deed to defendant shows that in no contingency was it to become the property of the defendant. It was only "to make good" those mortgages. Defendant having been suffered to remain in possession has become tenant at will, and entitled to notice to quit. *Sherburne* v. *Jones*, 20 Maine, 70 ; *Larrabee* v. *Lumbert*, 34 *Id.* 79.

EMERY, J. Writ of entry. On report. Eliminating the immaterial matters, the story is this : The defendant at one time owned the demanded premises in fee. In 1873, he mortgaged them to his mother, Rebecca C. Lane, to secure her maintenance during life, by him or his heirs, executors or administrators. There was no provision in this mortgage, that his assigns might perform the condition. In 1881, he again mortgaged them to one Kittredge. In 1884, the plaintiff attached all the defendant's real estate, by a general attachment in a suit against him, and having recovered judgment in that suit, the plaintiff, in 1888, made a sale upon the execution of "all the right in equity which . . (the defendant had at the time of the attachment. . .)to redeem the following described

mortgaged real estate"— (describing the demanded premises). The plaintiff was the purchaser, and received a sheriff's deed of said equity of redemption. The regularity of these proceedings is not questioned. Rebecca C. Lane, the first mortgagee, died in 1888, before the sale. In 1889, the plaintiff brought this writ of entry against the defendant.

1. The defendant contends that, at the time, he had no equity of redemption which could be attached or sold. He claims that after his mortgage to his mother, Rebecca, for her maintenance, his remaining interest could not be conveyed by him, nor attached by his creditors, without Rebecca's consent, which does not appear to have been given. He says, for that reason his mortgage to Kittredge, in 1881 was invalid, and the attachment in 1884 was ineffectual. He further says that Rebecca's death, before the execution sale, discharged her mortgage, and left the fee in him, which might have been taken by a sale of the fee, but not by a sale of an equity of redemption.

His argument is briefly this : The condition in his mortgage to Rebecca could only be performed by himself, or his heirs or executors ; Rebecca, the first mortgagee, was entitled to his personal care, and could not be assigned to the care of any other person. Hence, the right to perform the condition could not be assigned or conveyed by him, and,— as a conveyance by a mortgagor is in effect only a conveyance of a right to perform the condition in the mortgage,— any attempt by him to so convey must be ineffectual, and can vest no interest in his grantee.

But, after his mortgage to Rebecca for her maintenance, the defendant still had an actual interest in the mortgaged land. He owned it in fee subject to Rebecca's mortgage. If he could not assign or convey any right to perform the condition in the mortgage, he could divest himself of all his interest in the land. That interest was his own, to be disposed of as he saw fit. His grantee might not have acquired the right to perform the condition, but he acquired the land subject to the condition. If the condition should never be performed by the mortgagor, his grantee might lose the land. If the condition should be

performed, the grantee of the mortgagor would hold the land free of the condition. We think, therefore, that the defendant's deed to Kittredge, in 1881, did mortgage the premises to him in fee subject to Rebecca's mortgage. When Rebecca's death discharged her mortgage, Kittredge then held a valid mortgage, relieved of the prior incumbrance. The defendant then had a right of redemption from the Kittredge mortgage, and had nothing more. This right of redemption became vested in the plaintiff by the execution sale of such right; and is sufficient to maintain a writ of entry against the defendant. *Hoyt* v. *Bradley*, 27 Maine, 242; *Bryant* v. *Erskine*, 55 Maine, 153; *Bartlett* v. *Stearns*, 73 Maine, 22.

We think none of the cases cited by the defendant's counsel, will be found, upon examination, to conflict with the above proposition.

2. The defendant interposes another defense as to part of the premises. He had conveyed this part to his wife in 1872. In 1874, the wife, by a quit-claim deed in the ordinary form of a deed of the fee, conveyed the same part back to the defendant. In this last deed, immediately after a description of the premises, is the following clause: "The object and intention of this conveyance being to make good three mortgages, given by my said husband, (naming them,) by having my title inure to the benefit of said mortgagees." These three mortgages were all paid before the mortgage to Kittredge.

The defendant now contends that this deed from his wife conveyed no title to him, but only operated as a confirmation of his mortgages, and that the payment of these mortgages restored the wife's interest to her. We think it clear, however, that, whatever was the motive or purpose of the wife, her deed was effectual to convey her title to her husband, the defendant. The deed contains all necessary words for a conveyance of the fee, and shows a clear intention to convey the fee. The motive for making such a conveyance is immaterial here.

3. The defendant, now in the last ditch, interposes a last defense,—that having been allowed by the plaintiff to remain in possession for a year after the sale, he has become a tenant

at will to the plaintiff, and is entitled to thirty days' notice to quit, before being ejected. As he has all along denied the plaintiff's title, it is difficult to see how he has become the plaintiff's tenant, or is entitled to a tenant's right of notice.

*Judgment for the plaintiff.*

PETERS, C. J., LIBBEY, FOSTER, HASKELL and WHITEHOUSE, JJ., concurred.