WILLIAM P. OAKMAN *vs.* CHARLES H. WALKER, et al.

January Term, 1897.

Present: ROSS, C. J., TAFT, TYLER, MUNSON and START, JJ.

*Conditional Deed—Grantee's Equity—Bill to Redeem—Res Gestae—*
*Declaration against Interest—Statute of Limitations.*

James, Sr., conveyed premises to James, Jr., upon condition that he should be allowed to occupy during life and be paid a note which the latter owed him. The grantor occupied during life but the grantee never paid any part of the note although it was overdue. Under these circumstances it was considered doubtful, at least, whether the grantee had any equity in the premises.

The note not having been paid at maturity James, Sr., conveyed the premises by warranty deed upon full consideration to Margaret, and the deed was recorded. Thereafter James, Jr., resided on the premises with Margaret until her death, being partly supported by her and making no claim against her possession and control. This bill having been brought by a grantee of James, Jr., it was *held*, that he might redeem by paying the note less the rents and profits during the occupancy of Margaret and her representatives, the defendants consenting to account, although it was considered doubtful whether an accounting could have been required.

In this State the conveyance of the mortgaged premises by the mortgagee, by warranty deed, after condition broken, carries with it the fee of the premises supported by the mortgage debt, which the mortgagor must pay to the grantee in order to redeem.

The declaration of James, Jr., before his conveyance to the orator, that he had never paid any part of the note, was admissible against the latter.

The declaration of James, Sr., at the time of his conveyance to his daughter, Margaret, that "it did not half pay his debt to her," was admissible as characterizing the transaction and showing that the deed was being made for full consideration.

The orator, asking the aid of a court of equity to be allowed to redeem, cannot insist that the mortgage debt is outlawed.

BILL IN CHANCERY. Heard on the pleadings, master's report and exceptions thereto, at the September Term, 1896, Rutland County. *Rowell*, Chancellor, decreed that the orator might redeem by paying the debt in stated install-ments. The orator appealed.

The note referred to in the opinion was payable in annual installments of one hundred dollars beginning with July 9, 1871.

The bill was brought by William P. Oakman, the grantee of James Oakman, Jr., against the heirs of Margaret Alford and the executor of her will. Said executor answered and filed a cross bill praying a foreclosure of the orator's equity. The findings of the master appear in the opinion.

*Butler & Moloney* for the orator.

This is a bill to redeem from the conditions of a deed in which a life estate was reserved.* There was a condition for the payment of money. The orator offers to pay whatever may be found due on an accounting.

The orator insists that there is nothing due, by reason of the presumption of payment arising from lapse of time in analogy to the statute of limitations.

The deed from James Oakman, Sr., to Margaret Alford did not operate as an assignment of the mortgage debt. *Welsh* v. *Phillips*, 54 Ala. 309: 25 Am. St. 682; *Duval's Heirs* v. *McLoskey*, 1 Ala. 737.

James, Sr., was not a mortgagee in possession, but only a life tenant of James, Jr.

The declaration of James, Sr., at the time of the execution of his deed to Margaret, was a declaration in his own favor and inadmissible.

But if James, Sr., was a mortgagee in possession he and his assigns must account for the rents and profits. They must also account for repairs. *Flannery* v. *Flannery*, 58 Vt. 578; Wood, Lim. § 227; *White* v. *Maynard*, 54 Vt. 575; *Still* v. *Buzzell*, 60 Vt. 478.

*Fred S. Platt* and *Henry O. Clark* for the defendants.

The conveyance from James Oakman, Sr., to Margaret Alford operated as an assignment of all his rights under the conditional deed. *Collamer* v. *Langdon*, 29 Vt. 32; *Welsh* v. *Phillipps*, 54 Ala. 309; *Ruggles* v. *Barton*, 13 Gray 506; II Washburn, Real Prop. 121.

Ross, C. J. By the terms of the warranty deed from James Oakman, Sr., to James Oakman, Jr., dated July 9, 1870, the property was not to vest in the grantee until he performed the two conditions therein named: allowed the grantor to retain possession of the premises during the grantor's natural life; and paid his note then given to the grantor for nine hundred dollars. Under this deed, standing alone, it was incumbent on the grantee and those claiming under him to show a performance of these conditions, in order to have the title vest in the grantee. Under it the grantee was never in possession and control of the premises. So far as found by the master, the grantee never paid anything on the note, nor did he at the time of making of the deed, or before, advance to the grantor anything on the faith of the deed. What the master has found in regard to the grantee having paid one hundred and twenty-five dollars for the grantor on the Beman mortgage, is immaterial, inasmuch as he has not found that it was treated as a part of the consideration for, nor, in any way connected with the giving of the deed. Hence the deed of July 9, 1870, is to be considered in the light of a deed under which the title was to vest in the grantee upon his performance of these two conditions. Immediately following the conditions is the provision, "When these conditions are fully complied with then this deed is to be in full force and virtue in law, and otherwise null and void." Under this provision, to raise an equity, it would seem that the grantee should, in part, at least, have performed the conditions. The condition in regard to the life estate was a reservation in favor of the grantor, and required no action by the grantee. But the condition in regard to the payment of his note for nine hundred dollars required action by him to raise an equity in his favor. No payment of any kind is found to have been made by him on this note. April 6, 1882, after the note for nine hundred dollars was wholly overdue, and unpaid, James Oakman, Sr., conveyed the

premises to Margaret Alford by a deed of warranty, on full consideration as found by the master. The record of this deed was constructive notice of it to James Oakman, Jr. He also resided on the premises with Margaret Alford, and was partly supported by her, the last three years of her life. He made no claim to the premises while Margaret Alford was in possession and control of them under her deed from April, 1882, to the time of her death in October, 1893. The declaration made by James Oakman, Sr., while making this deed to Margaret, that it did not pay half his debt to her, was admissible, because it characterized the transaction, and showed that the deed was being made for full consideration. It showed that, notwithstanding their relations were those of parent and child, there also existed between them the relation of debtor and creditor. Otherwise the father could not have been in debt to her. On these facts, against Margaret Alford and the defendants who claim under her, it is difficult and apparently impossible to raise an equity in the premises in favor of James Oakman, Jr., or the orator who claims under him. The court of chancery treated the conveyance of July 9, 1870, as creating an equitable interest in the premises in favor of James Oakman, Jr. On this basis, wholly, the case has been presented to this court. The orator's bill is drawn to enforce such equitable right. He claims that James Oakman, Jr., fully performed, and offers to pay whatever may be found due under the conditions of the deed if they were not fully performed by him. Considering the case on this basis, it is incumbent on the orator to establish that James Oakman, Jr., in whole or in part fulfilled the conditions imposed upon him by the deed of July 9, 1870. He did not interfere with the life estate reserved to James Oakman, Sr. If the orator claims that James Oakman, Jr., made any payments on his note for nine hundred dollars, it is for him to establish such payments. Claiming through James Oakman, Jr., against the right of the defendants, who claim under James Oakman, Sr., the

former's declaration to the attorney of the latter, in 1877 or 1878, that he had paid nothing on his note of nine hundred dollars was admissible. It was a declaration against James Oakman, Jr.'s interest and therefore against the interest of the orator. In connection with this declaration, the continuous poverty of James Oakman, Jr., and the fact that James Oakman, Sr., conveyed the premises by deed of warranty to Margaret Alford, who was then in possession of the premises, in April, 1882, and that she continued in possession until her decease in 1893, and James Oakman, Jr., made no claim to the premises, the master has found that James Oakman, Jr., never paid anything on his note for nine hundred dollars. It was for the orator to establish a payment. His right, derived under James Oakman, Jr., depended, in a measure, upon such payment being established. But if, as the master seems to have regarded it, the burden was on the defendants to negative such payment, all these facts and circumstances could properly be shown, and considered by him. Without considering or deciding whether the conveyance of April 6, 1882, standing alone, could have been shown and considered by the master on this question, it was clearly admissible in connection with the facts that Margaret thereafter continued in possession and control of the premises to the knowledge of James Oakman, Jr., and that he made no claim to the premises until after her decease in 1893. This brings us to the main contention on this point. Treating the deed of July 9, 1870, as creating an equitable mortgage of the premises in favor of James Oakman, Jr., and that he had not paid the mortgage debt on April 6, 1882, when the mortgagee, James Oakman, Sr., conveyed the premises to Margaret Alford by a deed containing the usual covenants of warranty, did this deed,—nothing being shown to the contrary,—convey the mortgage debt due from James Oakman, Jr., to the grantor? The decisions on this question are apparently in conflict. But the conflict is only apparent.

In many of the states, especially the code states, the fee of
the premises mortgaged never becomes vested in the
mortgagee.   The mortgage is treated as creating a lien,
only, in his favor to secure the payment of the mortgage
debt.   His only rights created by the mortgage are to have
no waste committed by the mortgagor, and, if payment of
the mortgage debt is not made when it is due, to have the
real estate mortgaged, sold, and the sum realized applied,
or so much of it as is necessary, to the extinguishment of
the mortgage debt.   The title to the premises does not vest
in the mortgagee, upon the passing of the law day, nor does
it vest absolutely in him by foreclosure of the mortgage.
The mortgagee has no right to the premises created by the
mortgage except such as are collateral and incidental to the
debt secured thereby.   The mortgage is considered as a
chattel or personal property interest.   The only end, or
result of such mortgage, being security for the payment of
the debt, it follows that the mortgagee by a conveyance
alone of the mortgaged premises, does not impliedly, nor
necessarily, convey any right to any portion of the
mortgage debt, and that for such conveyance to create any
interest in the grantee other than that of trustee for the
mortgagee, a conveyance of the mortgage debt, or some
portion of it, must be shown.   Hence, when under the law
of the jurisdiction, the mortgagee has only these rights, his
conveyance of the premises mortgaged, does not impliedly
convey the mortgage debt.  .But in this, and several of the
other states, upon the passing of the law day without
performance, or payment, by the mortgagor, the fee of the
mortgaged premises becomes vested in the mortgagee, and
there remains in the mortgagor only the equitable right of
redemption which is fully extinguished by a foreclosure.
After the law day has passed, the mortgagor, if he remains
in possession, is treated as a tenant at will.   After the law
day has passed, a conveyance of the mortgage premises by
a quit claim deed by the mortgagee, conveys what rights he

has under the mortgage, supported by whatever of the mortgage debt is then due and unpaid. If made to the mortgagor it operates as a discharge of the mortgage; if to a third person it may be, and impliedly is—if nothing more is shown—a conveyance of all his rights supported by the mortgage debt; or, where only a portion of the mortgaged premises is conveyed, it may have been intended only to bar him from asserting his debt against the portion conveyed. When the mortgagee conveys, after the law day has passed, the mortgaged premises by a deed containing the usual covenants of warranty, these covenants imply a conveyance of all his rights, supported and fed by whatever rights he then holds, or may thereafter acquire. Hence, nothing being shown to the contrary, and it being shown, that if, the deed of July 9, 1870, be considered an equitable mortgage, the debt therein described and included in the note of the grantee for nine hundred dollars, being overdue and still existing in favor of James Oakman, Sr., his conveyance of April 6, 1882, operated impliedly to convey to Margaret Alford the fee of the premises, supported by the mortgage debt then owned by him as against the rights of James Oakman, Jr., to redeem. Such is, in substance, the holding of this court in *Collamer* v. *Landgon*, 29 Vt. 32. The same is also held in *Welsh* v. *Phillips*, 54 Ala. 309: 25 Am. R. 679; *Hunt* v. *Hunt*, 14 Pick. 374: 25 Am. Dec. 400 and note; *Murdock* v. *Chapman*, 9 Gray 158; *Ruggles* v. *Barton*, 13 Gray 507; *Kilborn* v. *Robbins*, 8 Allen 472; *Lawrence* v. *Stratton*, 6 Cush. 163. As embracing the two apparently conflicting classes of decisions, see *Wilson* v. *Troup*, 14 Am. Dec. 458 and note; 3 Pom. Eq. § 1209–1213 and notes; Wash. R. Prop., chap. XVI, §§ 8–18.

The facts surrounding this case impress upon it a peculiar *character*, so peculiar that it is doubtful,—if the deed of July 9, 1870, created an equitable interest in the premises in James Oakman, Jr.,—whether the defendants are to account

for the rents and profits of the premises for the time Margaret Alford and they have been in possession. We have no occasion to determine the question. The defendants' solicitor says that they are willing to account for such rents and profits in reduction of the amount due on James Oakman, Jr.'s note for nine hundred dollars.

The solicitor for the orator has made a point in regard to the statute of limitations having run on this debt, or some part of it. It might be so, if this were an action at law. But, in equity against an equitable mortgage, a party cannot claim the right to redeem and invoke the statute of limitations at the same time. They are inconsistent positions. The right to redeem against a mortgagee in possession exists for fifteen years after possession taken. If the mortgagor demands this equitable right, he must also do equity, and pay the debt due under the mortgage, after application of the rents and profits. By such application equity treats the mortgage debt as still subsisting. *In re Chickering*, 56 Vt. 82.

The orator contends that the defendants should be charged with depreciation in the value of the property through a failure to keep it in proper repair. His grantor, James Oakman, Jr., by the deed of July 9, 1870, stipulated to keep the premises in repair. The only neglect, hinted at, in the facts reported, was while he was under this duty. No such neglect is shown since Margaret Alford came into possession under the deed of April 6, 1882. There is no basis for this contention.

> *Decree reversed pro forma and cause remanded to have an account of the rents and profits received by Margaret Alford and the defendants applied in reduction of the sum due on the nine hundred dollar note, and a proper decree entered that the orator pay the balance found due on the note by the time fixed by the court, or be foreclosed of his right to redeem.*