NELSON A. EUGLEY *vs.* FRED W. SPROUL.

Lincoln.    Opinion December 18, 1916.

*Mortgages for support.  Equitable nature of right to redeem.  Writ of entry.  Bonds given with mortgages for support.  Scope of powers of Court in matters of redemption of mortgages.*

Writ of entry brought for foreclosure of a mortgage to be void in the case of full performance of the conditions of a bond of even date.  The bond, in the penal sum of $500., was one with a condition of defeasance,—to be void, if the obligor well and sufficiently supported and maintained the obligee, the plaintiff, and his wife, during their natural lives.  The jury found a breach of the condition of the mortgage and the case is before this court upon the agreed statement of the parties; this court to determine whether the sum to be paid by defendant to redeem is the penal sum of the bond or a larger sum which the parties have fixed at $1,000.

1.  When a note or bond is given, the mortgage which secures it is to be construed with it, while a mortgage may describe the debt as well as the note or bond and thus qualify their terms.

2.  Upon a writ of entry for foreclosure of a mortgage for support, the sum to be paid by defendant to redeem should be a present equivalent for full performance.

3.  In cases of the character of the present, the relief in equity must be adapted to the nature of each case and must be as various as the differing character of the contracts in question.

Writ of entry to foreclose a mortgage given for support of plaintiff and his wife.  Under proper instructions, in answer to a question framed by the presiding Justice, the jury found that the defendant had broken the condition of his mortgage.  The plaintiff thereupon filed a motion for conditional judgment.  In addition to the clause in the mortgage deed, the defendant gave a personal bond in the sum of five hundred dollars for the fulfillment of the conditions of the support and maintenance, and the defendant contended that his liability should be fixed by the penal sum of the bond so given.  Upon certain agreements and stipulations, case was reported to Law Court.  Pursuant to the stipulation of the parties, the amount to be paid by defendant in order to redeem is one thousand dollars and costs.

Case stated in opinion.

*L. M. Staples, and A. S. Littlefield,* for plaintiff.

*Weston H. Hilton,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, KING, BIRD, HALEY, PHIL-
BROOK, JJ.

BIRD, J.   This action is a writ of entry brought for the fore-
closure of a mortgage.   The condition of the mortgage is "Pro-
vided, nevertheless that if the said Fred W. Sproul, his heirs,
executors or administrators shall well and truly perform all the
conditions of a certain maintenance bond given by the said Sproul
to the said Eugley, said bond bearing even date with these presents,
then this deed shall be void, otherwise shall remain in full force."
The condition of the bond, which is without sureties, is "that if
the said Fred W. Sproul, his executors and administrators shall at
all times during the natural life of the said Nelson A. Eugley and
his wife, Olive Eugley, well and sufficiently support and maintain
the said Nelson A. and Olive Eugley, in the house of the said
Sproul and them provide with meat, drink, clothes, nursing, medi-
cine, and all other things necessary for their comfortable support.
Now, therefore, if the above bounden parties, or either of them,
or his or their heirs, executors or administrators shall well and
truly perform the above conditions then this obligation shall be
void; otherwise it shall remain in full force."   The consideration
named in the mortgage and the penal sum of the bond are the
same—$500.

The issue being submitted to a jury, it found that the condition
of the mortgage had been broken and the plaintiff moved for a
conditional judgment.   The defendant contends that the penal sum
of the bond is the limit of such judgment and that, except in the
matter of interest and costs, such judgment cannot exceed such
sum.   It is agreed by the parties that, if the amount to be paid in
or order to redeem is not limited to the penal sum stated in the
bond, the amount shall be one thousand dollars and costs.

"The case is reported to the Law Court for its determination of
that question, judgment to be rendered as of mortgage in accord-

ance with that determination, the plaintiff to have possession of
the premises pending redemption if the defendant notifies him that
he may so take possession, otherwise and if the defendant shall
retain possession he shall pay the plaintiff for the use of the
premises until he surrenders possession in case he does not redeem
from said mortgage."

No collateral personal security for the debt need be taken and
a deed still be a mortgage, provided a debt or the fulfillment of
some contract, is secured by the latter. This is familiar law.
*Smith* v. *People's Bank,* 24 Maine, 185, 195; *Brookings* v. *White,*
49 Maine, 479, 483. See *Mitchell* v. *Burnham,* 44 Maine, 286, the
case of a mortgage for the support of the mortgagee. See also
*Reed* v. *Reed,* 75 Maine, 264, 271, 272. And when a note or bond
is given, the mortgage which secures it is to be construed with it.
A mortgage may describe the debt as well as the note and thus may
qualify the terms of the note. I Jones Mort. (3d Ed) 71.

But in neither bond nor mortgage is found any covenant or
undertaking to pay any specific sum of money nor is there any
stipulation in either bond or mortgage that the penalty of the bond
was intended to be liquidated damages; see *Bresnahan* v. *Bresna-
han,* 46 Wisc., 385, 388.

Yet, whether we consult the bond or the mortgage, the debt is,
in effect, an undertaking to support, maintain, etc., the mortgagee
and wife during their lives. Under the former the personal lia-
bility of the mortgagor, or obligor, is limited by the penal sum.
Not so, however, with the mortgage, wherein the extent of the
lien upon the land is unlimited, except as fixed by the amount of
the indebtedness. In a court of equity the debt is the principal,
and the mortgage is the accessory; *Parsons* v. *Welles,* 17 Mass.,
419-245; *Smith* v. *People's Bank,* 24 Maine, 185, 190, 191, 195. The
condition of a bond of the character of that given by defendant
is the essential portion. *South Berwick* v. *Huntress,* 53 Maine,
89, 98. Upon a writ of entry for foreclosure of a mortgage for
support, the sum for which conditional judgment should be ren-
dered is a present equivalent for full performance. *Sibley* v. *Rider,*
54 Maine, 463, 466; *Fales* v. *Hemmenway,* 64 Maine, 373, 387.

The redemption of mortgages is part of the broad field of equity jurisdiction for relief from forfeitures. *Henry* v. *Tupper,* 29 Vt., 358, 372. For forfeiture it substitutes compensation. It is exercised by the courts of common law in writs of entry for the foreclosure of mortgages under R. S., c. 92, § 10. The concluding paragraph of that section is as follows: "When the condition is for doing some other act other than the payment of money, the court may vary the conditional judgment as the circumstances require." Under a similar statute in Massachusetts, practically identical with our own, and another provision of a more general nature, it was held that these special provisions as to the judgment give to the special writ of entry nearly all the attributes of a suit in equity. In *Holbrook* v. *Bliss,* in which the history of the law is given, although the provision of more general nature was no longer a part of the Revised Laws, the court gave the same interpretation and force to the enactment in question. 9 Allen 69, 76. See *Philbrook* v. *Burgess,* 52 Maine, 271, 277.

Since redemption is an equitable right, it can be claimed by a mortgagor, only on terms of his paying all that is just and equitably due under the mortgage, even though the debt should not be recoverable at law, being barred by the statute of limitations. *Johnson* v. *Candage,* 31 Maine, 28, 31, 32; *Palmer* v. *Bray,* 136 Mich., 85, 89; *Oakman* v. *Walker,* 69 Vt., 344, 351. The sum required for the redemption of the mortgaged premises is the same in a suit by the mortgagor to redeem as it would be in like circumstances in a suit by the mortgagee to foreclosure. *DuVigier* v. *Lee,* 2 Hare, 326.

At the time the mortgage and bond were given the plaintiff and his wife were seventy-six and seventy-eight years of age respectively. Was it his intention to dispose of his property upon condition of their support during life and yet to limit the amount to be paid them in the event of breach of condition to the sum of five hundred dollars? The mortgage was given to secure the performance of this condition and is without limitation. The relief in equity, must be adapted to the nature of each case and must be as various as the differing character of the contracts in question. *Bryant* v. *Erskine,* 55 Maine, 153, 158; *French* v. *Case,* 77 Mich., 64, 74; *Austin* v. *Austin,* 9 Vt.; 420; *Bresnahan* v. *Bresnahan,* 46

Wis., 385, 388; *Henry* v. *Tupper,* 29 Vt., 358, 371, 372.   *Bethlehem* v. *Annis,* 40 N. H., 34, 40, 41; *Mower* v. *Kip,* 11 Paige, Ch., 88, 95; *Cluger* v. *Daniel,* McNeil Eq., 161; *Long* v. *Long,* 16 N. J. Eq., 59. See also *Mason* v. *Mason,* 67 Maine, 546.

Pursuant to the stipulation of the parties the amount to be paid by defendant in order to redeem is one thousand dollars and costs.