MATILDA H. FERGUSON BATCHELDER *vs.* EDWIN F. BICKFORD.

Penobscot.    Opinion November 19, 1918.

*Foreclosure of mortgages.    Right of redemption where mortgagee has entered upon the premises and held them adversely for twenty years.    Rights of parties to redeem from mortgage.    When redemption must be sought.*

If the plaintiff in a bill in equity files a replication and afterwards consents that the cause may be reported to the Law Court for decision upon the bill and answer, the replication is waived and the facts stated in the answer are to be taken as true.

It is well settled that if a mortgagee enters into possession of the mortgaged premises after condition broken without taking the steps provided by statute to foreclose the mortgage, it is open to redemption for twenty years.    But if the mortgagor and those claiming under him permit the mortgagee to hold possession for twenty years without accounting and without admitting that he holds only as mortgagee, his title becomes absolute and the right of redemption is lost.

It is the adverse character of the possession, and not the mere fact of possession by the mortgagee for twenty years that will operate to convert the mortgage title into an absolute one.

A mortgage was dated and delivered March 16, 1878; the mortgagor and the plaintiff were married in the year 1886; mortgagor died May 3, 1901, leaving the plaintiff as his widow.

*Held:* That under R. S., Chap. 80, Sec. 17, the plaintiff was entitled to her right and interest by descent in the mortgaged premises, as against every person except the mortgagee and those claiming under him; and that she had such an interest in the mortgaged premises as would permit her to redeem from the mortgage in the lifetime of her husband.

Bill in equity asking for an accounting and right to redeem from mortgage.    Cause was heard upon bill, answer and replication, and by agreement of counsel case was reported to Law Court.    Judgment in accordance with opinion.

Case stated in opinion.

*U. G. Mudgett,* for plaintiff.

*Morse & Cook,* for defendant.

SITTING: SPEAR, HANSON, PHILBROOK, DUNN, MORRILL, JJ.

MORRILL, J. This is a bill in equity to redeem from a mortgage. The plaintiff filed a general replication, but by agreement of parties the case is reported to the Law Court for decision upon the bill and answer. The plaintiff thereby waived her replication and the facts stated in the answer are to be taken as true. *Dascomb* v. *Marston*, 80 Maine, 223, 230.

The mortgage was dated and delivered March 16, 1878; the mortgagor, Isaiah Ferguson, and the plaintiff were married in the year 1886; he died May 3, 1901, leaving the plaintiff as his widow. The answer contains the following material statement of facts:

"The Defendant admits that on the twenty-second day of July 1895, he entered upon and took possession of the premises described in said mortgage and has ever since continued in possession and received the rents and profits of said real estate; and the defendant alleges that he entered peaceably and openly, no one opposing, in the presence of two witnesses, and took possession of the premises in the character of mortgagee, and by virtue of his mortgage only, and that since the twenty-second day of July, A. D. 1896, he has held possession of the premises without acknowledging a subsisting mortgage, and without accounting, and without admitting that he held only as mortgagee, during which period last named he has treated said real estate as his own and as if said mortgage never existed."

The mortgage contains an agreement "that the right of redeeming the above mortgaged premises shall be forever foreclosed in one year next after the commencement of foreclosure by any of the methods now provided by law."

The sole question for decision upon these undisputed facts is whether on the day of demand, July 21, 1917, the plaintiff had a right to redeem from the mortgage. The question must be answered in the negative.

It is well settled, as claimed by the defendant, that if a mortgagee enters into possession of the mortgaged premises after condition broken without taking the steps provided by statute to foreclose the mortgage, it is open to redemption for twenty years. But if the mortgagor and those claiming under him permit the mortgagee to hold possession for twenty years without accounting and without admitting that he holds only as mortgagee, his title becomes absolute

and the right of redemption is lost. *Roberts* v. *Littlefield*, 48 Maine, 61; *Frisbee* v. *Frisbee*, 86 Maine, 444; *Hughes* v. *Edwards*, 9 Wheat., 489, and cases cited in 2 Rose's Notes, page 66; *Munro* v. *Barton*, 98 Maine, 250.

"It is obviously the adverse character of the possession, however, and not the mere fact of possession by the mortgagee for twenty years that will operate to convert the mortgage title into an absolute one. . . . . To constitute a bar to such right (of redemption) it must appear that the mortgagee's possession is unequivocally adverse to the mortgagor, or to those claiming under him." *Munro* v. *Barton*, supra.

It is the opinion of the court that the admitted facts stated in the answer clearly show that defendant's possession was "unequivocally adverse" to the mortgagor and those claiming under him.

Plaintiff's counsel earnestly contends that the defendant's possession did not begin to operate against his client's right to redeem until her husband's death. Her husband having died seized of premises mortgaged before their marriage, the plaintiff was entitled to her right and interest by descent in the mortgaged premises, as against every person except the mortgagee and those claiming under him. R. S., Chap. 80, Sec. 17. It is plain that she had such an interest in the mortgaged premises as would permit her to redeem from the mortgage in the lifetime of her husband. *Tuttle* v. *Davis et al.*, 114 Maine, 109. "It may be stated in general terms, that any one who has an interest in the premises and who would be a loser by foreclosure, is entitled to redeem." *Frisbee* v. *Frisbee*, 86 Maine, 444. Therefore the plaintiff had the full period of twenty years in which to redeem, and her right must now be considered barred.

*Bill dismissed with costs.*