ROMEO LIBERTY *vs.* EMMA POOLER.

Kennebec.     Opinion, January 7, 1936.

*Joly & Marden,* for plaintiff.
*Manley O. Chase,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

Dunn, C. J. This is a suit to redeem certain real estate from a mortgage for a life-support, and eventual burial of the one to be supported. The case is presented for review, not on a general appeal, which would open all issues, legal and factual alike, but upon exception to part of the final decree, raising in this wise a question of law only. Procedure is authorized by the equity act. R. S., Chap. 91; (Sec. 35 et seq.) *Emery* v. *Bradley*, 88 Me., 357, 34 A., 167.

Exception was taken by defendant. The mortgage was assigned to her, subsequent to breach of the condition for support. Somewhat more recently, plaintiff was named grantee by the mortgagor in a deed of the realty. Of this, further will be said presently.

Contention of the defendant is that performance of the conditions of the mortgage, limited to the mortgagor personally, being in default, the transaction of the deed, to which the mortgagee had not assented, did not invest redemptory right.

The mortgage was given by Adolphe Cloutier, to Obeline Gaboury Caron, February 8, 1930, in reconveyance of the same premises which she, that very day, in consideration of his promise that he, individually, would care for and support her for the rest of her life, and bury her when she should be dead, had conveyed to him.

The judge below did not file findings of fact; but a finding, as the decree reflects, that the mortgagor kept his agreement until April 18, 1933, would have basis in substantial evidence, and not be at variance with a preponderance of the whole evidence.

On that day, there was material breach.

The mortgagor did not turn round and utterly refuse to go on with his contract. What he did was to assume, without the prior consent of the mortgagee, to substitute the defendant, Mrs. Pooler, and her husband, to serve for him and in his stead. Apparently, the mortgagor, so far as duty or service in person was concerned, thereupon withdrew.

Upon that, the mortgagee assigned the mortgage to the woman whom the mortgagor had, on his own initiative, introduced to render the care and furnish the support he himself was bound to do. The instrument of assignment, dated in blank, 1933, was acknowledged April 18, 1933, and recorded April 20, 1933. Assignment of the mortgage drew after it, and carried with it, to the

assignee, the breached obligation. No language, however definite or explicit, could have been used more effectually to make over a chose. A contract which was too personal for assignment may on its breach give rise to an assignable action for damages. *Williston on Contracts*, Sec. 413. Damages for breach of a contract to support were held assignable in *Byrne* v. *Dorey*, 221 Mass., 399, 109 N. E., 146.

On April 21, 1933, Adolphe Cloutier, the mortgagor, made his warranty deed, before mentioned, to Romeo Liberty, plaintiff herein, of that real estate the latter seeks to redeem. The deed was deposited in escrow; delivery to the grantee was to be withheld while Miss Caron lived; she died June 4, 1933.

Meantime, the assignee had, by newspaper notice, begun foreclosure.

The mortgage was redeemable. *Bryant* v. *Erskine*, 55 Me., 153. Anyone who has an interest in mortgaged premises, and who would be a loser by foreclosure, is entitled to redeem. *Frisbee* v. *Frisbee*, 86 Me., 444, 29 A., 1115; *Batchelder* v. *Bickford*, 117 Me., 468, 104 A., 819.

Plaintiff acquired rights in connection with the land his deed purports to convey in fee. Granted, that the mortgagor could not assign or convey any right to perform the conditions in the mortgage; yet, even before breach, he might convey, and his grantee acquire the property in subordination to the mortgage. *Bodwell Granite Co.* v. *Lane*, 83 Me., 168, 170, 21 A., 829.

February 9, 1934, an accounting was requested of defendant, but not given. The instant bill, wherein plaintiff offered to pay the amount of the loss due to failure to carry out the life-support and burial agreement, and all else which should be shown payable, for redemption, was filed March 20, 1934. The sum requisite was the same as it would have been in a suit by the mortgagor to foreclose. *Eugley* v. *Sproul*, 115 Me., 463, 466, 99 A., 443. That sum the trial court determined.

Defendant takes nothing by her exception.

The case of *Mitchell* v. *Burnham*, 44 Me., 286, tends to support conclusion. See, also, same case, 57 Me., 314.

Upon redemption, the mortgage will be extinct, as of the time of the final decree.

No other point is open for discussion. *Trask* v. *Chase*, 107 Me., 137, 77 A., 698.

*Exception overruled.*
*Final decree affirmed.*